May Term,
1858.

WHITNEY
v.
THE STATE.

### WHITNEY v. THE STATE.

In this state, the sale of lottery tickets is prohibited—no lottery being authorized by statute.

*It seems*, that tickets in schemes in aid of schools and churches, and in gift exhibitions, are illegal articles—such schemes being disguised lotteries.

Such schemes may be prohibited by statute; and such a statute is not an inhibition of a free sale of property, but of a mode of swindling in disposing of property.

Criminal charges must be preferred with certainty, to the common intent that the Court and jury may know what they are to try—of what they are to acquit the defendant, or for what they are to punish him—that the defendant may know what he is to answer, and that the record may show, as far as may be, for what he has been put in jeopardy.

Thus, the act, or instrument, or both, constituting the basis of a prosecution, should be described with certainty in the official accusation, if possible, and if not, that fact should be stated as an excuse for want of certainty.

And the proof must, substantially, correspond with such description.

The best evidence must be adduced; as written instruments, themselves, instead of parol evidence of their contents.

Thus, in a prosecution for selling lottery tickets, parol evidence of their contents is not admissible, unless it be shown that the tickets themselves cannot be produced.

*Friday,*
*June 18.*

APPEAL from the *Franklin* Court of Common Pleas.

PERKINS, J.—Information for selling lottery tickets. Conviction and fine.

The information charged that the defendant sold " to *John Chapman* two lottery tickets in a scheme for the division of the following personal property, to-wit: Gold watches, silver watches, gold lockets, gold breastpins, gold earrings, gold finger rings and pencil cases, to be determined by chance, for the sum of two dollars—said lottery and scheme for the division of said property, purporting to be drawn at *St. Louis*, in the state of *Missouri*, on the first day of *March*, eighteen hundred and fifty-seven, to be determined by chance," &c.

A motion was made to quash the information because it did not sufficiently describe the tickets sold. The motion was overruled.

The defendant then pleaded the general issue, and went to trial. The following was all the evidence: *John Chap-*

*man*, the prosecuting witness, testified that he bought two
tickets of the defendant, *Whitney*, at the county of *Frank-*
*lin*, on, &c. " The tickets were printed. The figure part
was done with a pen. I do not know where the tickets
are. It may be possible they are about the house. I don't
think I can find them. I have not made any search for
them. The tickets were in *L. D. Lines's* lottery, to be
drawn in *St. Louis* in *April*, for the division of gold and
silver watches, gold pencils, gold earrings, gold lockets,
gold breastpins, gold finger rings, and pencil cases. There
were, also, some sixteen prizes in money, varying from.
three hundred dollars to fifty. The drawing took place in
·*April*."

Objections were made to the proof of the contents of
the tickets, and on account of the variance between the
information and the proof; but the objections were not
sustained.

In this state the sale of all lottery tickets is prohibited,
as no lotteries are authorized by statute. Hence, tickets
in numerous of the schemes gotten up to aid schools and
churches, and gift exhibitions, being disguised lotteries, are
illegal articles. The schemes themselves are but attempts
to obtain funds by means detrimental to public morals and
the people's virtue. A resort to these means may be pro-
hibited by statute. A statute having such operation, is not
the inhibition of a free sale of property, but of a mode of
swindling in disposing of it. See *The Madison, &c., Co.*
v. *Whiteneck*, 8 Ind. R. 217; *Den* v. *Shotwell*, 4 Zabriskie,
789; *The Governors, &c.*, v. *The American Art Union*, 3
Selden, 228; *The State* v. *Clark*, 33 N. Hamp. R. 329.

As to the information, it is a general principle that crim-
inal charges should be preferred with certainty, to at least
a common intent, that the Court and jury may know what
they are to try, and acquit the defendant of or punish him
for; that the defendant may know what he is to answer to;
and that the record may show, as far as may be, for what
he has been once put in jeopardy.

In the application of this principle, it has been held, in

most cases, that the act or instrument, or both, constituting the basis of the prosecution, should be described with certainty, where it was in the power of the grand jury or other accusing tribunal to thus describe it or them; and where it was not, that such fact should be stated in the official accusation, as an excuse for the want of certainty.

It is a further principle, that the proof must correspond with the description contained in the charge, in matters material—those of substance. It is also a principle, that in proving the accusation, upon the trial, the best evidence must be adduced, if it can be obtained; as written or printed instruments themselves, instead of parol proof of their contents.

We think these principles have been violated in the case at bar. We are aware that the ruling of the Court below is in accordance with some reported cases; but we prefer to pursue the line of decision that has been adopted by this Court. See *Engleman* v. *The State*, 2 Ind. R. 91; *Markle* v. *The State*, 3 *id.* 535.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*W. G. Quick* and *W. P. Quick*, for the appellant (1).

(1) Counsel for the appellant cited the following authorities:

An information under the R. S. of 1852 must contain all the substantial requisites of an indictment at common law. *The State* v. *Miles*, 4 Ind. R. 577. —*Mount* v. *The State*, 7 *id.* 654. The affidavit does not support the information. See *The State* v. *Lockstand*, 4 Ind. R. 572.

Parol testimony of the contents of a written instrument cannot be given, unless the absence of the instrument itself is first accounted for. *Jackson* v. *Cullum*, 2 Blackf. 228.—*Carlton* v. *Litton*, 4 *id.* 1.—*Smith* v. *Reed*, 7 Ind. R. 242.

The evidence showed that there was a division of more property than was alleged in the information. This was a fatal variance. *Tardy* v. *The State*, 4 Blackf. 152.—*Groves* v. *The State*, 6 *id.* 489.—*Swails* v. *The State*, 7 *id.* 324. —*Wilcox* v. *The State*, *id.* 456.—*The State* v. *Wilson*, 7 Ind. R. 516.