ASHLEY PARKER v. THE STATE.

A joint indictment for gaming against several defendants should be quashed, upon proper exception, for failing to charge distinctly that the defendants played at a game at cards *with each other*, or that they were indicted for separate offences.

A conviction on an indictment charging that the defendants " did play at a certain game at cards in a certain public law office," &c., is good where there is neither exception taken to the indictment, motion in arrest of judgment, nor objection to the testimony for want of the proper averments.

The term " public place," in article 409, Penal Code, does not mean a place solely devoted to the public; but it means a place which is, in point of fact, public as distinguished from private.

Whether a place is "public" in contemplation of the statute on the subject of gaming, is a question of fact, or a mixed question of law and fact, and is always a proper subject to be submitted to the jury under proper instruction.

APPEAL from Harrison. Tried below before the Hon. C. A. Frazer.

The indictment charged that N. H. Wilson, John H. Harris and Ashley Parker, " did play at a certain game with cards in a certain public law office, commonly used for gaming, the same being a public place;" and in another count, that said persons " did play," &c., " at a certain room connected with, and part of a certain public law office," &c.

Defendant Wilson, pleaded guilty. The District Attorney entered a *nol pros.* as to the defendant Harris. Parker, the appellant, pleaded not guilty; and on the trial it was proven, " that

the defendant, Parker, in the month of July, A. D. 1860, in the town of Marshal, of Harrison county, in the State of Texas, with N. H. Wilson, one of his co-defendants, and two other gentlemen, played at a game with cards called ' euchre,' in a room connected with and part of the office of an attorney-at-law. That the attorney had his sign on the outside of the office door, and his professional card in one of the newspapers of the town. That the office was the place where the said attorney received all persons having professional business with him, and where he performed the office duties or labors of his profession. That during the summer of 1860, as well before as after July, there had been as many as one thousand games at cards played, and that as many as fifty different persons had played at cards in said room, but that no persons were allowed to play them unless they were invited by the attorney. It was proved that there was nothing bet on the aforesaid game; and that John A. Harris, who was indicted in the same indictment, did not participate in the aforesaid game of euchre, and that he was neither in the room nor in the office during the playing. It was also proven that persons were sometimes present while the playing was going on during the summer who did not participate in the games. That money was often bet upon the games, and that persons frequently resorted to this place for the purpose of gaming. And that the game spoken of was played in the day time."

The judge presiding instructed the jury as follows: "If you believe from the testimony that the defendant in Harrison county, and within twelve months before the filing of the indictment in this case, played at a game with cards in a lawyer's office, which was a public place, he, the defendant, is guilty, otherwise he is not guilty. If the defendant did play, and the house in which it was done was occupied by an attorney-at-law, and by him used for the purpose of receiving clients and there transacting the business of an attorney with them, and it was a place to which persons indiscriminately might go to have such business done, you will find that it was a public place, unless, at the time the game was played, the house was so closed and the people so excluded as to cut off and prevent all observation from without of everything transpiring

within the house, and if so, you will find that it was not a public place. But if said game was played, and the house was the office of an attorney and commonly used for gaming, and at the time any other person besides those engaged in the game were present, you will find that it was a public place."

The defendant's counsel asked, among others, the following instruction: "5th. That an attorney's office, where he transacts and attends to the usual office business of his profession, is not a public place within the meaning of the laws against gaming"— which, with all the others, was refused.

The jury found the defendant guilty. Motion for a new trial was overruled, and defendant appealed, assigning as error:

"3d. Because the court erred in its charge to the jury.

"4th. Because the court erred in refusing the special charge asked to be given to the jury by said defendant's attorneys.

"5th. Because the charge in the indictment is too vague and indefinite to sustain a prosecution."

*D. S. Jennings* and *N. H. Wilson*, for appellant.

BELL, J. We are of opinion that there is no error in the judgment of the court below. The indictment is perhaps defective, and upon the authority of the case of Lewellen v. The State, 18 Tex., 538, ought to have been quashed upon proper exception, because the indictment did not distinctly allege that the three persons named in it played a game at cards *with each other*, nor did it clearly show that the parties were indicted for separate offences. But in the present case there was no exception taken to the indictment; there was no motion in arrest of judgment because of the insufficiency of the indictment; nor was there any objection to the admissibility of the evidence for want of proper averments in the indictment.

We are, also, of opinion that the court below did not err in refusing to give the 5th instruction asked by the counsel for the defendant. The instruction given to the jury by the judge, as an exposition of what is meant by the term "public place," used in the 409th article of the Penal Code, was, we think, very proper

Parker v. The State.

and correct, in reference to the facts of the case. "A public place" does not mean a place devoted solely to the uses of the public; but it means a place which is, in point of fact, public, as distinguished from private—a place that is visited by many persons, and usually accessible to the neighboring public. The object of the law is to prevent gaming at places which are within the observation of persons indiscriminately, because of the consequences resulting from the evil example. A place may be public during some hours of the day, and private during other hours. A lawyer's office may be a public place during the usual hours of business, and private during the evening and night. A lawyer's office may, also, and in times like the present many doubtless are, very private and quiet and undisturbed places at all hours. Whether a place is a public place or not, in contemplation of the statute on the subject of gaming, is a question of fact, or a mixed question of law and fact, and is always proper to be submitted to the jury, under the instruction of the court. The judgment of the court below is affirmed.

Judgment affirmed.