## THE STATE *v.* SOWERS.

LIQUOR LAW.—*Intoxication in Public Place.*—If a person be found in a state of intoxication at a social party held at the residence of another, he is not thereby rendered liable to prosecution for being found intoxicated in a public place.

From the Parke Circuit Court.

*C. A. Buskirk*, Attorney General, and *A. F. White*, Prosecuting Attorney, for the State.

*D. A. Roach* and *J. E. Humphries*, for appellee.

PETTIT, J.—Indictment under section eleven of the act of March 17th, 1875, being an act to regulate and license the sale of spiritous, etc., liquors. Acts Special Session of 1875, p. 55. That section attempts to make it penal to be found intoxicated in a public place. The charge in the indictment is this: "Was then and there found unlawfully in a state of intoxication in a public place, to wit, at a social party held and had at the residence of Jackson Simmons." On motion of the defendant, the indictment was quashed, and the State appealed. We hold that there was no error in the ruling of the court. The private house of a gentleman, at which he gives or holds a social party, cannot, within the meaning of the statute, or in any sense of society or government, be understood to be a public place.

A public place is one where all persons have a right to go, while a social party given by a gentleman is a place where only those invited have a right to go or be present.

The judgment is affirmed.