## GEORGE KING v. THE STATE.

PRACTICE IN MISDEMEANORS. — To an indictment against two persons for horse-racing in the street of a town, objection is primarily taken in this court that it does not allege that the defendants *ran together*. *Held*, that, the offense being a misdemeanor, the objection comes too late. It should have been taken in the court below.

APPEAL from the District Court of Burleson. Tried below before the Hon. A. S. BROADDUS.

The indictment was apparently founded on the act of May 19, 1873, " to prevent horse-racing in certain places." It charged the appellant and one Josh Orreins with unlawfully running a horse-race along a street in the town of Caldwell. Both defendants were tried and found guilty at the November term, 1875, of the court, and a fine of $25 assessed against each of them. King asked a new trial, which was refused, and he appeals.

*W. K. Homan*, for the appellant, cited *The State* v. *Catchings*, 43 Texas, 654.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J. The only error assigned in the record is the overruling of the defendant's (King's) motion for a new trial. The ground set out in the motion is that the verdict is contrary to law and the evidence.

We are of opinion there is no error in this ruling of

the court. The verdict cannot be said to be without evidence. But one witness testified for the state as to the transaction.

It is objected, for the first time, in this court that the indictment is insufficient in that it is not charged that the defendants *ran together*.

This objection not having been noticed in any manner in the court below, either at the trial, in the motion for new trial, or in arrest of judgment, and not being assigned as error, we think, the case being a misdemeanor, the objection comes too late, when made for the first time in this court. *Parker* v. *The State*, 26 Texas, 204.

The judgment of the court below is affirmed.

*Affirmed.*