The State *v.* Moriarty.

---

No. 8520.

## THE STATE *v.* MORIARTY.

CRIMINAL LAW.—*Indictment.*—*Intoxication.*—*Public Place.*—Under section 11 of the act of March 17th, 1875, 1 R. S. 1876, p. 872, prescribing a penalty for intoxication in certain cases, an indictment alleging that the defendant was found intoxicated "in a public street, highway and sidewalk," charges that the offence was committed in a public place.

SAME.—*Highway.*—*Case Overruled.*—A public highway is a public place. *Williams* v. *The State*, 64 Ind. 553, overruled.

SAME.—*Street.*—A street is a public highway, and *prima facie* a public street is a public place.

From the Hendricks Circuit Court.

The State v. Moriarty.

*D. P. Baldwin*, Attorney General, *R. B. Blake*, Prosecuting Attorney, and *E. G. Hogate*, for the State.

ELLIOTT, J.—The indictment preferred against the appellee charges that "Dennis Moriarty, being then and there a person of sound mind, was then and there found in a public street, highway and sidewalk, in Hendricks county, Indiana, in an unlawful state of intoxication." This indictment was quashed upon motion of the appellee. The ground upon which the motion to quash was sustained was, as we gather from the record, that the indictment did not charge that the offence was committed in a public place. The ruling of the court was based upon *Williams* v. *The State*, 64 Ind. 553, wherein it was held that, in an indictment for notorious lewdness, it was not sufficient to allege that the unlawful act took place in a public highway. In the case of *The State* v. *Waggoner*, 52 Ind. 481, a different doctrine was declared, and it was held that a public highway is a public place. The former case is not sustained by authority, while the latter is well supported.

We think that the case of *Williams* v. *The State* asserts an erroneous doctrine, and it is, therefore, overruled.

Even if the case of *Williams* v. *The State* should be held to declare the correct rule, we should still be bound to hold the present indictment sufficient. It is charged that the offence was committed "in a public street, highway and sidewalk." A street is, it is true, a highway, but all highways are not streets. *Common Council, etc.,* v. *Croas*, 7 Ind. 9. A street is not only a public highway, over and upon which all the citizens of the land have a right to pass and repass at pleasure, but it is a public highway of a city, town or village. There can be no reasonable presumption that there are secret or secluded places in streets. On the contrary, the presumption is that streets are public thoroughfares, open and free in every part to the public. It is the duty of

the municipal authorities to keep them reasonably safe for travel. It is not sufficient to make part of a street safe for travel; the whole street must be made so. This consideration would, of itself, preclude the presumption that there may be secluded places in public streets.

*Prima facie* a public street is a public place. In one case it was said, "A street is *per se* public." *Carwile* v. *The State*, 35 Ala. 392; *McCauley* v. *The State*, 26 Ala. 135.

The term "street" does not mean private ways, nor does it apply to roads or ways owned by private corporations. *Wilson* v. *Allegheny City*, 79 Pa. St. 272; *Quinn* v. *The City of Paterson*, 27 N. J. L. 35.

The indictment, in charging that the offence was committed in a public street, shows at least a *prima facie* case. The State was not bound to anticipate defences, and negative their existence. If there existed any facts stripping a public street of its ordinary character, they should be shown by way of defence.

The court erred in sustaining the motion to quash.

Judgment reversed.