The State *v.* Welch.

---

No. 10,894.

## THE STATE *v.* WELCH.

CRIMINAL LAW.—*Drunkenness.—Indictment.—Public Place.*—An indictment for drunkenness in a public place, under section 2091, R. S. 1881, is not sufficient if the place be only generally stated as "a certain public place;" but the place should be shown by such description, that it may appear to be a place where the public has a right to go.

From the Monroe Circuit Court.

*F. T. Hord,* Attorney General, *H. C. Duncan,* Prosecuting Attorney, and *W. P. Rogers,* for the State.

*E. K. Millen,* for appellee.

ZOLLARS, J.—It is provided in section 2091, R. S. 1881, that "Whoever is found in any public place in a state of intoxication shall be fined any amount not exceeding five dollars," etc. Appellee was indicted under this statute. On his motion the indictment was quashed; the State excepted, has taken this appeal, and, by counsel, assigned for error the quashing of the indictment.

The portion of the indictment charging the offence, after stating the county and State, and other formal matters, is as follows: "That one William Welch, late of said county, on the 10th day of July, A. D. 1882, in said county and State aforesaid, was then and there found, unlawfully, in a state of intoxication in a certain public place then and there situated in said county of Monroe, contrary," etc. We learn from the brief for appellant that the court below quashed the indictment, on the ground that the place where appellee is alleged to have been found intoxicated is not stated with sufficient particularity; "that the kind of place should be set forth in order that the court might determine whether or not it was a public place."

The requirements of the statute are that an indictment shall contain a statement of the facts constituting the offence, in plain and concise language, without unnecessary repetition; and the defendant may move to quash upon the ground that the indictment does not state the offence with sufficient certainty. Sections 1731 and 1759, R. S. 1881.

It is a general rule in criminal pleading, that the indictment must state the facts of the crime with as much certainty as the nature of the case will admit, that the court and jury may know what they are to try, of what they are to acquit or punish the defendant; that the defendant may know what he is to answer to, and that the record may show, as far as may be, for what he has been once put in jeopardy. Bishop Crim. Proced., sections 494, 517, 519; *Whitney* v. *State,* 10 Ind. 404.

It is a general rule, also, that it is sufficient to charge the offence in the language of the statute defining it; but to this rule there are exceptions. One of these is where the statute is not to be taken in the broad meaning of the words used, but limited by construction to a special subject or matter, in which case the indictment should charge the crime so as to bring it within the construction placed upon the act. *Bates* v. *State,* 31 Ind. 72; *Bowles* v. *State,* 13 Ind. 427; 1 Archb. Crim. Prac. & Pl. 275.

The phrase, "a public place," has received a construction by this court, and has been construed to mean a place where the public has a right to go and be, and does not include all places where people may be congregated together. *State* v. *Sowers*, 52 Ind. 311.

In the case of *State* v. *Waggoner*, 52 Ind. 481, Mr. Justice Buskirk, in passing upon an indictment under the statute in question, said : "It has been held that, to constitute an offence under the above quoted section, the accused must be found in a public place; and a public place was held to be where all persons were entitled to be; and that a party given by a private citizen, where the guests were invited, was not a public place within the meaning of the above section. *State* v. *Sowers, ante,* p. 311. Hence, it is necessary that the indictment should, with reasonable certainty, describe the place where the accused was found, so that the court may see that such place is a public place, within the meaning of the statute."

We think that in a case of this kind the above rule is a reasonable one, tending to protect the rights of the accused, and not imposing upon the prosecution any hazard or unreasonable burden.

The judgment is affirmed.