## ALLEN BORDEAUX v. THE STATE.

### No. 7576.   Decided June 1.

**Drunkenness in a Public Place—Private Room in a Hotel.—**A room in a hotel, when it has been assigned, set apart to, and appropriated by a guest, becomes his place of abode, and in a certain sense and to a qualified extent it ceases to be a portion of the hotel, and for the time being becomes the private residence of the guest or lodger.   Where the evidence showed that if accused was drunk at all, it was in his private room in the hotel, *held*, that it was insufficient to support a conviction upon a charge of being drunk in a public place.

APPEAL from the County Court of Wilbarger.   Tried below before Hon. J. W. BLANKENSHIP, County Judge.

The indictment against appellant contained two counts, one for adultery and one for getting drunk and being found in a state of intoxication "in a certain public place—that is, in a hotel," etc.   The count for adultery was dismissed, and appellant was tried upon the count for drunkenness in a public place, convicted, and fined in the sum of $10.

It appears from the evidence that appellant and Ellen Smith came on the cars from Vernon to Harrold the day before they were arrested.   After his arrival appellant was looking after his business; did not raise any disturbance; was not noisy; did not fall down.   He was in the dining room, office, and galleries of the hotel.   He was seen in the afternoon by the justice who afterwards was instrumental and assisted in arresting him, who says: "I never thought of having him arrested for being drunk.   We did not go to the hotel to arrest defendant for drunkenness."

Appellant was arrested by the constable, and the justice of the peace accompanied that officer and was present and assisted in the arrest.   The constable says: "I did not arrest defendant on a charge of drunkenness. He did not raise any disturbance.   I went to the hotel to arrest him.   I found him in bed with a woman.   She was a red haired woman and wore

a black patch on the side of her mouth.    I think she is called Ellen Smith. Defendant dressed himself without assistance, and could walk without help.    He had about his clothes, when arrested, two half-pint bottles of whisky, one full, and the other about half full, and also a pint bottle of beer about half full.''    After arresting the parties at the hotel, the justice and constable took them to and confined them in the calaboose.    There was no testimony that appellant got drunk, or was seen drunk at any place, except at his rooms in the hotel.    In all probability he was drunk there when he went to bed, for he told the county attorney that if he had not been as drunk as a dog he would not have gone to bed with that woman.

*D. W. Tracy*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—By indictment, appellant was charged with being drunk in an hotel, which is alleged to be a public place, etc.

He was arrested by a deputy sheriff and a justice of the peace for a different offense than that for which he is convicted in this case.    When arrested appellant was in his room in the hotel, and in bed with a red headed woman who had a black patch on her mouth.    He was required to get out of bed and dress himself.    After being dressed, there was found whisky about his clothes.    He was then taken to and placed in jail.    These officers saw him at no other time or place in or about the hotel.    In so far as the record discloses, Ellen Smith was the only witness who saw him in any portion of the hotel other than his room, and her testimony is to the effect that if he was drinking she could not discover it.    The county attorney testified, that the defendant said to him, ''If I had not been as drunk as a dog, I would not have gone to bed with that whore in Harrold.    *    *    *    I was as drunk as I could be at Harrold.    If I had been sober I would not have been in this trouble now.''    The officers testified that appellant was able to dress himself when arrested, and did not stagger as they conveyed him to jail.    It may be seriously questioned if defendant was intoxicated when arrested by the officers, and the testimony of the only witness who saw him about the hotel, outside his room, excludes the idea that he was drunk.

But it may be conceded that appellant was drunk when arrested, and yet not be guilty of a violation of the statute under which he was indicted. In order to constitute the offense charged, the accused must get drunk, or be found in a state of intoxication, in a public place.    The statute under consideration does not define the term ''public place.''    Within the definition of that term, however, may be included hotels and taverns. ''A guest room in an hotel is a part of the public hotel or tavern, in that

it is for the use of the public business of the house in the entertainment of its guests,'' but it becomes private after it is appropriated by a guest, during his residence or stay therein, while a lodger in such hotel or tavern. So, when the room has been set apart to its occupant, it becomes a private room in a certain sense, in that it becomes his residence and '' place of abode'' for the time being. In it he has a qualified property, even as against the proprietor. In a certain sense, and to a qualified extent, it ceases to be a portion of the hotel or tavern, and becomes the private residence of the guest or lodger. Comer v. The State, 26 Texas Ct. App., 509. The testimony shows that appellant, if drunk at all, was drunk in his private room, and not in a public place. The judgement is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.