PAYNE *v.* STATE OF INDIANA.

[No. 24,461.    Filed April 2, 1924.]

CRIMINAL LAW.—*Appeal.*—*Review of Evidence.*—Where the evidence of the state as well as the defendant in a prosecution for violation of the prohibition law, discloses facts and circumstances and incidents from which the jury may have drawn inferences of guilt, the court upon appeal will not say that the evidence was so insufficient as to make the verdict contrary to law.

From Madison Circuit Court; *William A. Ketinger,* Judge.

Thomas Payne was convicted of transporting liquor, and he appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Fred I. King,* for the State.

MYERS, J.—Appellant and another, in the court below, were jointly charged by indictment with the offense of transporting intoxicating liquor by means of an automobile. Acts 1923 p. 108, §1. On being arraigned appellant's associate pleaded guilty and appellant, upon his plea of not guilty, was tried and convicted. His motion for a new trial, assigning as causes therefor that the verdict was not sustained by sufficient evidence and that it was contrary to law, was overruled. This ruling is assigned as error.

We have read all of the evidence disclosed by the record, and from which we conclude that appellant's conviction was brought about by circumstances appearing largely from his own testimony. If we could say that his conviction rested entirely upon evidence tending to show that while he was walking along a public highway he accepted an invitation to ride in an automobile which, at the time and without his knowledge, was carrying intoxicating liquor in which he had no interest and was in no way connected therewith, he would not be guilty as a matter of law. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341.

From the evidence we learn that the automobile in this case contained twelve five-gallon cans filled with white mule whisky which was obtained at Fort Wayne, Indiana, which fact became known to the peace officers when the machine collided with another at Alexandria, Indiana. However, if the prevailing evidence of appellant and the evidence of his associate should be given full credit, the verdict of the jury could not be justified. Consequently, when a situation of this character arises,

we naturally look to the record for the influence that brought about the result.   In making this investigation we are not unmindful of our province, as well as that of the jury and its opportunity of observing the witnesses while giving their testimony. . This opportunity may be of considerable aid in determining the credit and weight of testimony.   The manner of the witness while on the stand, his apparent sincerity or want of sincerity in the giving of his testimony, his remembrance of incidents closely connected with the transaction under investigation, may or may not be influential, yet they must of necessity be left to the sound judgment of those charged with the duty of finding the facts. On appeal to this court we must take the facts as found and presume correct action at the trial.   The effect of observations of witnesses we leave to the jury, but where there is a clear want of evidence or evidence from which reasonable inferences cannot be drawn tending to prove an essential fact, inferences from observations have no value, and the question of the sufficiency of the evidence to sustain the verdict then becomes one of law.

In the instant case it may be well to state briefly some of the circumstances properly to be noted embraced within the general field of evidence.   Appellant and his associate were residents of Indianapolis, but not intimately acquainted.   They left Indianapolis for Fort Wayne, one on Sunday night in an automobile and the other the next morning by way of traction.   Neither had ever been in that city.   Both were in Fort Wayne on Monday and remained there until the following Thursday morning, when, at a very early hour, appellant, with $179.21 in his pocket, started to walk home, saying nothing and leaving no word with the people who, from his evidence, presumably had entertained him for three days.   He was unable to give the name of these people, or an intelligent idea of where they lived.

He does not seem to have had any impression of what he paid for his ticket to Fort Wayne, the route he took, or the names of any of the towns through which he passed.   He gave no especial account of his where-abouts and doings while in Fort Wayne, and when arrested told the officers making the arrest that he met his associate just outside of Toledo, Ohio, when, as a witness in his own behalf, he admitted that he had never been in that city; that while walking on the public highway at a point about one to three miles south of Fort Wayne, the party in the automobile overtook him and invited him to ride, and on accepting the invitation and entering the machine he learned his host was bound for Indianapolis.   The coming together of these two men on the public highway south of Fort Wayne was either by mere chance, or by prearrangement.

All of these circumstances, and other incidents not here mentioned, supplemented by impressions which the jury may have drawn while these gentlemen were testifying, may have led the jury to conclude that the meeting south of Fort Wayne was prearranged.   If the jury so found, the inferences to be drawn therefrom would be farreaching and the case upon all of the evidence is very persuasive of the conclusion that both men were interested in the unlawful adventure of transporting whisky from Fort Wayne to Indianapolis.   We are not therefore in a position to say that there was no evidence to warrant the jury in finding appellant guilty.

In conclusion, the jury, under the evidence, was authorized to find either for or against appellant, and this being true, the ultimate question must be regarded as finally answered by the jury's verdict. *Howard* v. *State, supra.*

Judgment affirmed.