## WILHITE v. STATE

[No. 28,268. Filed March 24, 1947. Rehearing Denied April 22, 1947.]

*Hugh R. Couch,* and *John E. Sedwick, Jr.,* both of Martinsville, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

GILKISON, C. J.—Appellant was charged by affidavit, in two counts, with being found unlawfully in a state of intoxication in a public place in Morgan County, Indiana, "to wit: In the Monrovia School Gymnasium, in the city of Monrovia." On trial by the court he was found guilty, fined $10.00 and sentenced to the Indiana State Farm for 60 days. A motion for new trial for the statutory causes was overruled. Error is assigned on this ruling.

The only question presented is whether or not there is any evidence that the defendant, at the time complained of, was found unlawfully in a state of intoxication "in the Monrovia School Gymnasium" as specifically alleged in each count of the affidavit. Appellant recognizes the rule that this court will not weigh the evidence, but insists that there is no evidence to support the court's finding that the defendant was in a state of intoxication at the specific place charged in each count of the affidavit.

Russell Stewart testified that he saw the defendant at the entrance of the gymnasium, but that he did not come into the gymnasium—he was intoxicated. Bobby Wooden testified he saw the defendant come to the entrance of the gymnasium but that he did not come in. He thought he was intoxicated. Florence Wood testified she saw the defendant at the door of the gymnasium and he was drunk. Lorene Wood testified she saw the defendant in the door of the gymnasium. Austin Dillon testified that he is trustee of Monroe Township. That Mr. Wilhite has a barber shop in the school gymnasium and has access to the basement and toilets. This is all the evidence on the point in question. Appellant admits this is sufficient evidence for this court to sustain the finding that he was intoxicated, but insists that there is no evidence that he was in the gymnasium.

It would not be sufficient to charge the defendant merely with being found intoxicated in a public place. The place must be particularly stated, so the court may know what it is to try, the defendant may know what he is to answer to, and the record may show for what he has been put in jeopardy. *The State* v. *Welch* (1882), 88 Ind. 308, 309; *Whitney* v. *State* (1858), 10 Ind. 404, 405.

In the case at bar the place is described with sufficient particularity. "It is a further principle, that the proof must correspond with the description contained in the charge—those of substance." *Whitney* v. *State, supra,* p. 406. A substantial part of the charge is that the defendant was found in a state of intoxication *in the Monrovia School Gymnasium.* This part of the charge must be proven as averred. This proof may be made by direct evidence, by circumstantial evidence, or by proper inferences

based upon the evidence. *Winters* v. *State* (1928), 200 Ind. 48, 52, 160 N. E. 294; *Goodman* v. *State* (1919), 188 Ind. 70, 72, 73, 121 N. E. 826; *Kocher* v. *State* (1920), 189 Ind. 578, 584, 127 N. E. 3.

The credibility of the witnesses and the weight of the evidence in this case was solely for the trial court to determine. *Winters* v. *State, supra.* The trial court by its finding of guilty has determined that, within the meaning of the statute under which the prosecution is brought, § 12-611, Burns' 1942 Replacement, the defendant was found in a state of intoxication in the Monrovia School Gymnasium. This court must presume that a fair trial was had and a correct conclusion was reached by the trial court, unless the record discloses that there was no evidence on this proposition. *Payne* v. *State* (1924), 194 Ind. 438, 440, 143 N. E. 283; *Matthews* v. *State* (1928), 200 Ind. 53, 54, 161 N. E. 271. In examining the record for this purpose, we will not weigh the evidence and we will consider only the evidence most favorable to the state. *Matthews* v. *State, supra. Winters* v. *State, supra.*

The witnesses were attending a sophomore class party at the gymnasium in question. It will be noted that three witnesses testified they saw the defendant at the entrance or at the door of the gymnasium, but not inside; and another testified she saw him "in the door." The trial court has found this evidence sufficient to establish the charge that he was "in the Monrovia School Gymnasium." Since it was some evidence on this proposition, we can not say that the trial court's finding is error, and that therefore an error of law was committed. *Kocher* v. *State, supra,* page 584; *Payne* v. *State, supra.*

Finding no error in the record, the judgment is affirmed.

EMMERT, J. Not participating.

NOTE.—Reported in 71 N. E. (2d) 925.