MICHAEL C. MILLER v. STATE OF INDIANA.

[No. 971S289. Filed February 29, 1972.]

*Howard S. Grimm, Jr.,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Michael C. Miller from a judgment in the DeKalb Circuit Court convicting him of the crime of Disorderly Conduct. On June 24, 1971, the cause was tried before a jury, and upon conviction appellant was fined the sum of one-hundred dollars ($100.00). Appellant's Motion to Correct Errors was overruled, and this appeal followed.

The sole question presented to this Court on appeal is whether the evidence is sufficient to sustain the conviction.

The statute under which appellant was charged, IC 1971, 35-27-2-1, (Ind. Ann. Stat. § 10-1510 [1971 Supp.]), provides, in part:

> "Whoever shall act in a loud, boisterous or disorderly manner so as to disturb the peace and quiet of any neighborhood or family, by loud or unusual noise, or by tumultuous or offensive behavior, threatening, traducing, quarreling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct. . . ."

In reviewing a conviction where sufficiency of the evidence is raised this Court will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. This Court will neither weigh the evidence nor determine the credibility of witnesses. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. See, *Valentine v. State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v.

*State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

In *Whited* v. *State* (1971), 256 Ind. 386, 269 N. E. 2d 149, this Court held that to establish the crime of Disorderly Conduct there must exist under the facts of the case evidence that the appellant (1) acted in a loud, boisterous manner (2) so as to disturb the peace and the quiet of the neighborhood.

The evidence most favorable to the State, as revealed by the record, is as follows: On April 7, 1971, the appellant was present in the Justice of the Peace Court of Robert P. Hodge in Auburn, Indiana. Appellant had gone to the court to testify on behalf of a friend, Harold Perry, who had been charged with a moving traffic violation. Also present in the courtroom, which was described as being approximately eighteen (18) feet wide by twenty-five (25) feet long, were seven other persons, including two Indiana State Policemen and the Deputy Prosecutor. The hearing was informal in nature with Perry and John Colgate, an Indiana State Policeman, giving their versions of the incident respectively. At the conclusion, Perry was found guilty of the charge against him, whereupon appellant arose from his seat, and, according to the testimony of Trooper Colgate, stated, "This is nothing but a damn farce." Colgate turned to appellant and warned him to remain silent. Appellant replied, "It's nothing but a goddamn kangaroo court," and he started to leave the courtroom. At that time, Colgate told the appellant to apologize to the Court, but the appellant refused, stating, "Hell, I'm not apologizing to anybody." Colgate then placed appellant under arrest, handcuffed him, and took him to jail.

Officer Colgate's testimony was partially corroborated by the testimony of another Indiana State Policeman, James Springer. Trooper Springer testified that the incident occurred while Perry, the Deputy Prosecutor and the Justice of the Peace were engaged in a discussion over the correctness of the finding made by the court. Trooper Springer further

testified that appellant left the courtroom after his remark about the "kangaroo court." According to Springer, something transpired out in the hallway, which is where the arrest took place. There is a conflict in the testimony as to whether the appellant made his statements in a loud, angry manner. Trooper Springer testified that he heard the remarks, but that he was standing a mere two feet from the appellant at the time. Springer also testified that he was not certain that the statements were loud enough to have been heard by the Justice of the Peace or the Deputy Prosecutor. Troopers Colgate and Springer were the only witnesses to testify for the State. The Justice of the Peace, Robert P. Hodge, who was called by the appellant, testified that he did not hear the appellant's remarks.

Thus the evidence most favorable to the State reveals that the appellant made some insulting remarks about the Justice of the Peace Court. However, there is no evidence that appellant disrupted or interfered with the proceedings of that court at any time. Had he done so, a contempt citation would have been appropriate. Therefore, the sole question for this Court to decide is whether the statements made by the appellant which were loud enough to be heard by the two policemen, and which were found to be particularly offensive to Trooper Colgate, should be found to constitute conduct proscribed by the Disorderly Conduct statute.

In *Whited* v. *State, supra,* this Court, referring to the Disorderly Conduct statute, stated:

> ". . . [D]ue to First Amendment freedoms a statute such as the one here in question must be read to require that any prohibited *speech* related activity must be proscribed *because it has a tendency to lead to violence.*" 256 Ind. at 391, 269 N. E. 2d at 152.

An examination of the statements made by appellant leads this Court to conclude that they do not fall within the speech related activity proscribed by the statute. The remarks were not directed to the police officers nor to any agency of the

branch of government they represent. Moreover, had the speech related activity been directed to the police officers, it must have been of such a nature that would lead reasonable men to believe that violence or disorder might tend to result. Such is clearly not the case here.

For all of the foregoing reasons, the judgment of the trial court must be reversed.

Judgment reversed.

Arterburn, C. J., DeBruler and Prentice, JJ., concur; Givan, J., dissents.

NOTE.—Reported in 279 N. E. 2d 222.