## LUTHER HICKS *v.* STATE OF INDIANA.

[No. 271S28. Filed April 4, 1973. Rehearing denied May 24, 1973.]

*Charles A. Thompson, Robert F. Lehman, Irwin J. Prince,* all of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PRENTICE, J.—Upon trial to the court, the defendant (appellant) was convicted of Disorderly Conduct. The conduct in question occurred on February 27, 1969, the statute then in effect and under which the defendant was convicted was the Acts of 1943, ch. 243, § 1, 1956 Repl. Burns Ind. Stat. Ann. § 10-1510 (as amended by Acts of 1969, ch. 161, § 1, 1972 Supp. Burns Ind. Stat. Ann. § 10-1510, IC 1971, 35-27-2-1). He was fined $100.00 and costs and sentenced to the Indiana State Farm for 60 days.

The defendant assigns two errors by way of this appeal: 1) the insufficiency of the evidence; and 2) the failure of the state to prove the defendant incited, instigated or induced innocent persons to become disorderly.

The evidence, viewed most favorably to the state, discloses the following: Sometime before 10:00 a.m. on February 27, 1969 certain students, for reasons undisclosed by the record, were expelled from Shortridge High School in Indianapolis, Indiana. Upon expulsion the students proceeded to Dignity Unlimited, an organization located a short distance from the school, where they met the defendant. Sometime between 10:00 and 10:30 a.m. about twenty-five persons, including the group of students and the defendant, returned to the main entrance of the school. Shortly after their arrival the group began to emit a loud chant. According to the testimony of the State's witnesses, this chanting disrupted the usual order of the school. The vice principal testified, that while viewing

the group from inside the school's main entrance, he heard the loud chants emanating from the group, clearly audible inside the building, and observed the defendant's mouth moving. He also testified that he conducted an inspection of the second floor of the school building shortly before the arrests were made and found that students in a history class were out of their chairs, standing at the windows and watching the group's activities. The teacher in charge of the class was attempting to bring them back to order. He further testified that there was more trouble than usual in changing classes, because the students were crowding into the main entrance foyer in order to view the activity outside. The vice principal informed the group that they were disrupting classes and should, therefore, leave the grounds or be subject to arrest. In all, the demonstration lasted over ninety minutes. Subsequenty a police officer similarly informed the group. Upon the group's failure to depart the premises, several students and three adults were arrested, one of the adults was the defendant.

It is well settled law that this Court will not, on appeal, weigh the evidence or determine the credibility of witnesses, and when the sufficiency of the evidence is raised as an issue on appeal, we will consider only that evidence most favorable to the state, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Turner* v. *State* 1972), 259 Ind. 344, 287 N. E. 2d 339; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

The statute under which the defendant was convicted reads as follows:

"10-1510.  Disorderly conduct—Penalty.—Whoever shall act in a loud, boisterous or disorderly manner so as to dis-

turb the peace and quiet of any neighborhood or family by loud or unusual noise, or by tumultuous or offensive behavior, threatening, traducing, quarreling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct, and upon conviction shall be fined in any sum not exceeding one hundred dollars [$100], to which may be added imprisonment for not to exceed sixty [60] days. [Acts 1943, ch. 243, § 1, p. 685.]"

To sustain a conviction under the above statute there must be evidence of probative value that the defendant: 1) ■ acted in a loud, boisterous manner, 2) so as to disturb the peace and quiet of the neighborhood.

In support of his argument, the defendant alleges that there was no evidence that he acted in an unlawful manner, e.g., in a loud and boisterous manner. In spite of the state's failure to present a cogent argument to rebut this allegation, we find, in the record presented to this Court, the following testimony, by the vice principal:

"Q. Did you make some of your observations from within the building of Shortridge High School?
A. Yes.
Q. And, where were you standing, when you were in the building?
A. At different places, at different times.
Q. Well, were you at the doors and windows, and at which side of the building?
A. Most of the time I was at the doors, on the first floor, west doors, facing onto the walk.
Q. Now, how many feet from where the group was around the flagpole, approximately, to the doors of Shortridge High School, west side?
A. Approximately twenty to twenty-five feet.
Q. Now, when you were within the building observing the group, did you hear any sounds from the group?
A. I did.
Q. Did you observe any members of this group, and I refer particularly to the defendants here, Ben Bell, Charles Hendricks, Luther Hicks, Steven Carr, Karen Collins, LaCree Mickel, making any sound, that you heard?

A. Yes.

Q. And, which defendants or defendant did you hear?

A. Well, there were no solos in the group. I can say that. I heard Mr. Hendricks, I am certain, because I saw his mouth moving, as he was standing in front of the group, waving his arms in a rhythmic manner, as the sounds were emanating from the group rhythmically.

Q. Did you see any other defendant moving their lips?

A. Yes.

Q. And, who was that?

A. I saw Mr. Bell. I saw Mr. Hicks. I saw Miss LaCree, Miss Mickel—LaCree Mickel.

Q. Were they facing you?

A. Yes.

Q. Now, what were these sounds, that you heard, at the time that you observed these lips moving?

A. I had a little difficulty understanding the words.

Q. Was it just ordinary conversation, or what was the nature of the sounds?

A. No, it was a rhythmical chant, in unison.

Q. What was the quality of the sound, loud or soft?

A. Loud.

Q. Now, was the presence of the defendants audible from inside the high school, where you were standing?

A. Yes."

Testimony of the assistant librarian disclosed that some of the students were distracted from their studies and their attention drawn therefrom to the activity of the defendant and his cohorts at the front of the school building. Although the defendant challenges that there was evidence that he caused such disturbance, there is no denial that there was such a disturbance caused by the group activity in which the defendant was an active participant.

In *Whited* v. *State* (1971), 256 Ind. 386, 269 N. E. 2d 149, 151 we said with reference to the conduct necessary to constitute the offense:

"* * * only a showing that conduct which *by its nature* is offensive in the context in which it is committed is required to support a conviction under the statute."

Here we have loud, boisterous group conduct committed at a public high school which resulted in disrupting the study of students therein. Applying *Whited* to these facts there is no doubt but that the group, in concert, violated the statute. Therefore, the issue to be resolved is whether the defendant, as an individual, was participating as a member of this group which committed the offense.

The defendant argues that there is no evidence that he committed any unlawful conduct because none of the witnesses could testify that they specifically heard him exuding loud, boisterous noises. However, the testimony of the vice principal places the defendant, with his mouth moving, in the group at the time the violation occurred. For lack of a better analogy, what the witness saw and heard might be likened to one listening to a choir sing, the overall sound is heard but no one individual voice can be identified. On these facts, it would, indeed, be an extreme extension of judicial naiveté to say that the trial court was not justified in inferring that the defendant was participating, as an individual, in conduct prohibited by the statute.

In conjunction with his sufficiency argument the defendant alleges he was denied his right to due process because he was convicted without sufficient evidence of guilt. However, in light of the foregoing this contention is without merit.

Defendant also contends that his conduct in this case was "speech related activity" protected by the First Amendment to the Constitution of the United States. (*Tinker* v. *Des Moines Independent School Dist.* (1969), 393 U.S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731; *Edwards* v. *South Carolina* (1963), 372 U.S. 229, 83 S. Ct. 680, 96 L. Ed. 2d 696.) We agree that the first amendment right may not be abrogated or suspended at the school or school activities. *Tinker* v.

*Des Moines Independent School Dist., supra.* However, the United States Supreme Court has also held that First Amendment rights must be accommodated to the special characteristics of the school environment, and that expressive activity can be restricted if the forbidden conduct materially disrupts classwork. *Tinker* v. *Des Moines Independent School Dist., supra; Grayned* v. *City of Rockford* (1972), 92 S. Ct. 2294.

The record here indicates that the conduct of the group was causing a sufficiently material disruption of the normal function of Shortridge High School to warrant a cessation of the demonstration.

As the United States Supreme Court said in a recent case:

> "Noisy demonstrations which disrupt or are incompatible with normal school activities are obviously within the ordinance's reach. Such expressive conduct may be constitutionally protected at other places or at other times, Edwards v. South Carolina, 372 U.S. 229, 83 S. Ct. 680, 9 L. Ed. 2d 697 (1963) ; Cox v. Louisiana, 379 U.S. 536, 85 S. Ct. 453, 13 L. Ed. 2d 471 (1965), but next to a school, while classes are in session, it may be prohibited." *Grayned* v. *City of Rockford, supra,* at 92 S. Ct. 2305.

The defendant's second assignment of error is that the state failed to prove that he incited, instigated or induced innocent persons to become disorderly. To support this argument the defendant seems to reason backward, and we suspect that he believes that his conviction was predicated upon his having incited others to disorderly conduct. He bottoms his argument in the fact that the lower court, when it rendered judgment, stated that it felt "* * * the man who caused all these problems was Mr. Hicks." Notwithstanding what the court, as the trier of fact "felt," the defendant was charged with and was, upon sufficient evidence above set forth, convicted of disorderly conduct. We do not view his conviction as one of having incited others to violate the statute.

Finding no error, the judgment of the trial court is affirmed. Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 294 N. E. 2d 613.

## ON PETITION FOR REHEARING

PRENTICE, J.—Appellant has filed his Petition for Rehearing.

Appellant first urges a review of the issue of the appellant's guilt but presents nothing not fully considered by this Court when the matter was initially before us. Rehearing upon such issue is therefore denied.

Appellant further asks that we exercise our constitutional authority to review his sentence and reduce it to conform with the sentence (fine only) of his co-defendants. We regard this matter as being timely raised in this particular case, only because our authority in this regard was granted by a constitutional amendment not in affect at the time the appeal was filed and briefed. However, we believe the evidence reviewed reflects circumstances supporting the disparity complained of and that the sentence imposed by the trial judge should not be disturbed.

Petition denied.

All Justices concur.

NOTE.—Reported in 296 N. E. 2d 431.