ALBERT METZER v. THE STATE.

*No. 7529.    Decided April 23.*

1. **Indictment—Playing Cards in Public Place—Livery Stables.** An indictment for playing cards in a public place, to be sufficient, must allege the facts which constitute the place of playing a public place, unless the place be one specifically enumerated in the Penal Code. Livery stables are not so enumerated, and it does not suffice to aver that the livery stable was a public place without alleging facts which constitute it a public place.

2. **Same.**— Where the indictment alleged that the defendant unlawfully played at a game with cards in a public place, to-wit, " at a place near to and in view of a public street, in the town of Archer, the same being at the office of a livery stable," *held,* that it was essential, to support a conviction, that the testimony should show or establish the fact that the playing was in view of a public street in the town of Archer.

APPEAL from the County Court of Archer. Tried below before Hon. A. LLEWELLYN.

Appellant was prosecuted under an indictment charging him with unlawfully playing at a game with cards in a public place, and upon trial was convicted and his punishment assessed at a fine of $10.

*Whitton & Denney,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant's motions to quash the indictment and in arrest of judgment on account of the insufficiency of the indictment were both overruled. The general rule is well established, that an indictment for playing cards in a public place, to be sufficient, must allege the

facts which constitute the place of playing a public place, unless the place be one specifically enumerated in the Penal Code. Livery stables are not so enumerated, and it does not suffice to aver that the livery stable was a public place without alleging facts which constitute it such a place. Fossett v. The State, 16 Texas Ct. App., 375; Tummins v. The State, 18 Texas Ct. App., 13.

The indictment in this case charges that the appellant did " unlawfully play at a game with cards in a public place, to-wit, at a place near to and within view of a street in the town of Archer, the same being at the office of a livery stable owned and controlled by Suddath & Lockhart, said office being a place where Suddath & Lockhart transacted their business." It will be noted that the indictment charges that the place was a public one, near to and within view of the public street in the town of Archer. In the case of Elsberry v. The State, 41 Texas, 158, our Supreme Court held, " an indictment which charged the playing at a game with cards in a public place, in view of the highway in Falls County, to be good upon a motion in arrest of judgment;" and upon the authority of that case, we think the court properly overruled the motions to quash and in arrest of judgment in this case.

But under the allegations in the indictment, the place was a public place only by virtue of the fact that it was in view of the public street, and to sustain the conviction it was essential that this allegation should be proved. The place was not a public place by virtue of the allegation that it was the office of a livery stable, where Suddath & Lockhart transacted their business. Such allegation did not constitute the place a public place, for, as stated above, livery stables are not public places in contemplation of the statute, and it is not alleged that the public transacted business at the livery stable, but only that Suddath & Lockhart transacted their business there, which may have been of a private character. The court below, however, in its charge to the jury, and the prosecuting officer, seem to have treated the case as one which depended on the fact alone that the playing was done at the office of the livery stable. There is no testimony going to show or establish the fact that the playing was in view of a public street in the town of Archer, and the question as to whether the playing was done in view of the street in the town of Archer was one not submitted by the court in the charge to the jury.

The evidence is wholly insufficient to support the allegations in the indictment and the verdict of the jury; hence the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.