## GEORGE WILKINS V. THE STATE.

*No. 279.    Decided May 5.*

1.  **Defendant as Witness—Failure to Testify—Allusion to, in Argument by Counsel—Construction of Statutes.**—The Act of the Twenty-first Legislature, page 37, giving a defendant the right to testify in his own behalf, absolutely prohibits any allusion on the part of counsel to his failure to so testify, and the inhibition is so far mandatory that its violation by counsel will constitute reversible error, even though the court may have sought, by admonition and instruction, to get the jury to disregard such allusions by counsel.  Hunt v. The State, 28 Texas Crim. App., 149, reaffirmed.

2.  **Information—Presentment of, by "Deputy County Attorney."**—Where the law (Acts Twenty-second Legislature, page 91) authorizes the appointment of "assistant county attorneys," *Held*, that an information signed officially by a "deputy county attorney" sufficiently designates the officer as "assistant" county attorney.

APPEAL from the County Court of Brown.    Tried below before Hon. CHARLES ROGAN, County Judge.

This appeal is from a judgment of conviction under an information for unlawfully and knowingly selling liquor to one Walt Burns, a minor under the age of 21 years.    The punishment assessed was a fine of $75.

The information was officially signed thus: "Thomas Maples, county attorney, by H. H. Moore, deputy county attorney, Brown County, Texas."    A motion in arrest of judgment on account of the insufficiency of the information, because not presented by an officer authorized by law, was overruled.    The evidence in the case is as follows, viz:

Walter Burns, being sworn for the State, testified:  "I saw defendant at the date named in the indictment.    He was in the saloon business at Blanket, in Brown County, Texas, and on that day he sold me a pint of whisky and I paid him for it.    When I called for the whisky, he asked me if I was 21 years old, and I told him 'I had had the seven-year itch three times.'    He would not sell it to me at that time.    I went out of the saloon, and in a few minutes went back in, and defendant sold me the whisky without asking any further questions.    I was not 21 years old at that time.    I was only 15 years old.    I was not acquainted with defendant at the time, but I had seen him a few times. I had no written consent from either of my parents, both of whom are living, to purchase whisky, and no one had their written consent to sell to me.    There is no other person standing in their place or stead. The sale took place in Brown County, Texas, on the day alleged in the indictment."

Defendant admitted that Walter Burns had no written consent from any one to buy the whisky.

*Bell & Bell*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Counsel for the State, in his argument to the jury, said of the defendant: "If this man is not guilty, why does he not take the stand and testify in his own behalf? As you all know, he is now, under the law, a competent witness." In signing the bill of exceptions, the court says, "that as soon as the objection was made the court corrected the prosecuting attorney, and then instructed the jury that the statement made by the attorney was uncalled for, and not warranted or permitted; that the defendant did not have to testify; that it was a matter wholly within his discretion; that the State had no right to question this discretion, or refer to the same; and that they should not hold it as a circumstance against the accused." The statute provides, "that hereafter any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Gen. Laws 21st Leg., p. 37. Hunt v. The State, 28 Texas Criminal Appeals, 149, is authority for holding this argument reversible error. It was in substance held, in that opinion, that the latter clause of the act cited absolutely prohibits allusion by counsel to the failure of the accused to testify in his own behalf, and that the inhibition is so far mandatory that its violation by prosecuting counsel will work a reversal of the judgment of conviction, although the court may have sought by admonition and by instruction to the jury to disregard such remarks of counsel. The rule in the Hunt case, supra, is here reaffirmed.

The information recites that it was presented by the "deputy county attorney." The Act of the Legislature authorizes the appointment of assistant county attorneys, not to exceed three in number. Acts 22nd Leg., p. 91. While it is the better practice, as a general rule, to use the statutory words, and give officers their statutory appellations, we think the term "deputy," as used in the information, sufficiently designates the "assistant" county attorney, and the information should not be vacated on that account. The remaining errors assigned we deem untenable.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.