## MAT SISK v. THE STATE.

### *No. 980. Decided February 19, 1896.*

**1. Playing Cards In a Public Place—Livery Stable.**

A livery stable is not one of the places named in the statute prohibiting card playing in a public place. The question as to whether a place, not so named in the statute, is or is not a public place, is a question of fact or a mixed question of law and fact which it is proper should always be submitted to the jury under the instruction of the court.

**2. Same—Private Bed Room—Charge.**

On a trial for playing cards in a livery stable, where there was evidence showing that the room in which the playing took place though used in connection with, was cut off from the stable and occupied as a bed room by an employee at the stable. Held: The court should have submitted in the charge an issue as to whether the said room was, at the time of the playing, a public place.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. McCall, County Judge.

This appeal is from a conviction for playing cards in a public place, the punishment being assessed at a fine of $10.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant was convicted for playing at a game with cards in a public place, and fined $10, and prosecutes this appeal. The appellant complains that the court, in its charge, treated the livery stable (the alleged public place) as a public place; that is, he treated it as if the same had been defined in the statute, like an inn or tavern, as a public place, and did not submit this question to the jury. The language of the charge is as follows: "The law is, if any person shall play at a game with cards in any public house or office, such as an office for the transaction of business, or an inn, or tavern, or hotel, or livery stable, the same being where the business of such inn, tavern, hotel, or livery stable is transacted, when required, and to which the public, in transacting business with such an inn, tavern, hotel, or livery stable, resort to do such business, such person, so offending, shall be punished by a fine," etc. And, again, the court charges: "If therefore, the jury believe, from the evidence, that the defendant, Mat Sisk, on or about the 15th day of February, 1895, in Parker County, Texas, did play at a game with cards in a livery stable, open for the transaction of livery business at the time, and to which the public resorted for the transaction of business, connected with the said livery stable, or if you believe that the defendant did, on or about said date, play at a game with cards in the office of a livery stable, the said office being the place commonly resorted to for the transaction of business connected with the business of said livery stable, and which was at the time used as such office, for said livery stable, connected with and forming part of said stable, and commonly resorted to by the public for

the above stated purposes, then you will find," etc. We believe the charges in question subject to the criticism suggested by appellant in his assignment. A livery stable, or a room connected therewith, is not one of the places, eo nomine, where cards are prohibited by the statute to be played. But a livery stable may become a public place, according to its use as a business place, where the public resort for the transaction of business, to be established by the evidence. The question of its being such a public place should be fairly submitted to the jury by the charge of the court, and it should not be treated as a storehouse, inn, or tavern, which are inhibited places by the statute, eo nomine. See Fossett v. State, 26 Tex. Crim. App., 375. In the case of Parker v. State, 26 Texas, 204, Judge Bell, in treating this question, says: " 'A public place' does not mean a place devoted solely to the uses of the public, but it means a place which is, in point of fact, public, as distinguished from private; a place that is visited by many persons, and usually accessible to the neighboring public. The object of the law is to prevent gaming at places which are within the observation of persons indiscriminately, because of the consequences resulting from the evil example. A place may be public during some hours of the day, and private during other hours. * * * Whether a place is a public place or not, in contemplation of the statute on the subject of gaming, is a question of fact, or a mixed question of law and fact, and is always proper to be submitted to the jury, under the instruction of the court." Appellant also prepared special instructions with reference to the room in which the alleged gaming, as shown by the evidence, occurred. There was evidence in the case showing that said room, though a part of said livery stable, and used in connection therewith, was cut off from the same, and that it was used as the private bedroom of one Obenchain, who appears to have been an employee at the livery stable. This room may or may not have been a public place, according to its use, and according as the public, at the time, may have had access to the same; and the charge, as requested, although it may not have presented the issue accurately, was sufficient to call the attention of the court to the defense set up, and the court should have instructed the jury pertinently on the subject. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.