### ARCHIE WILLIAMS v. THE STATE.

No. 1336.   Decided January 26, 1898.

**Recognizance on Appeal—Sufficiency of.**

A recognizance on appeal, in a misdemeanor case, to be sufficient under article 887, Code of Criminal Procedure (before the amendment of said article by the Act of the Twenty-fifth Legislature, p. 5), was required to state both the offense with which appellant was charged and the offense of which he had been convicted in the lower court. And failing to do so the appeal would be dismissed in the Court of Criminal Appeals. [Under the present law, article 887, as amended, the recognizance is now required to state that appellant "has been convicted of a misdemeanor, as more fully appears by the judgment of conviction duly entered in this cause."—Reporter.]

APPEAL from the County Court of Limestone.   Tried below before Hon. A. J. HARPER, County Judge

Appeal from a conviction for permitting gaming upon his premises; penalty, a fine of $25.

No statement necessary.

[No brief on file for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for permitting a game at cards to be played upon his premises, and upon premises under his control, said premises being then and there a public place, to wit, a gaming house, used for the purpose of gaming.

The recognizance recites the fact that "said Archie Williams has been convicted in this cause of a misdemeanor, to wit, permitting gaming upon his premises, in that said Archie Williams, on or about November 20, 1896, in Limestone County, Texas, did unlawfully permit a game at cards to be played upon his premises, and upon premises under his control, the said premises being then and there a public place, to wit, a gaming house, used for the purpose of gaming." This recognizance was entered into on March 20, 1897, and was therefore given under the law in

force prior to the late statute, changing the form of recognizances required to be given in misdemeanor appeal cases. The statute in force at the time this recognizance was given requires that said recognizance should recite the offense with which the defendant was charged in the trial court, as well as the fact that he had been convicted of said offense. See Rev. Code Crim. Proc. 1895, art. 887. And, for collated authorities, see Wills. Crim. Stats., 2 ed., art. 888, note 1.

Because the recognizance is insufficient in not reciting the offense with which appellant was charged, the appeal herein is dismissed.

*Dismissed.*