CHARLES MURREY v. THE STATE.

No. 2968. Decided May 10, 1905.

**1.—Drunkenness in Public Place—Deputy County Attorney—Information.**

A county attorney has authority under acts of the 22d Legislature, p. 91, to appoint one, or as many as three assistants, and the designation of deputy county attorney is sufficient; but a person who is not shown to be a de facto officer and who has not been legally appointed, had no authority to sign an information, and the latter was properly quashed upon that ground.

**2.—Same—Information—Public Place.**

An information which described the public place where the drunkenness occurred: "In a certain public place to wit: in the town of Hamilton, and near the Hamilton and Hico public road, at a building known as the old Grave Mill" was insufficient and bad upon motion to quash.

**3.—Same—Charge of Court—Public Place Confined to That Alleged.**

In a prosecution for drunkenness in a public place, the court in his charge should have confined the jury to the public place alleged in the information ,and a

reference to a certain public road and that a public street was a public place, when the place alleged was at "Old Graves Mill," was error.

Appeal from the County Court of Hamilton. Tried below before Hon. J. W. Warren.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $1.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of drunkenness in a public place, his punishment fixed at a fine of $1, and appeals.

Appellant assigns as error the action of the court refusing to quash the information on the ground that the same was not signed and presented by a proper officer. Said information is signed as follows: "R. Q. Murphree, County Attorney Hamilton County, Texas, by S. R. Allen, deputy." His contention being that there is no such officer as "deputy county attorney" known to the laws of this State. In this connection also he insists that the proof showed the said Allen was not an assistant county attorney of Hamilton County; that he had never received an appointment, either as deputy county attorney or as assistant county attorney, from the county attorney of Hamilton County; that the commissioners court of Hamilton County had never consented to his appointment; that he had never taken the oath of office prescribed by the Constitution in such cases, and that he had never filed with the county clerk of Hamilton County, his appointment.

The bill of exceptions on this subject shows that S. R. Allen had received no written appointment as assistant county attorney, and the commissioners court of Hamilton County had never consented to his appointment; that he had verbal authority merely from the county attorney to sign his name when necessary; the county attorney having gone to Alabama and requested him to represent him during his absence, in all matters that came up requiring attention. It was further shown by the county attorney that he had never appointed S. R. Allen, assistant county attorney in writing under the statute, but merely told him to represent him in all matters that came up requiring his attention, and to sign his name to any papers relating to the office of county attorney. With reference to the first proposition, a county attorney has authority to appoint assistant county attorneys, not more than three in number (Act 22nd Legislature, page 91) and it has been .held that the designation, "deputy county attorney," while not accurate will be sufficient designation of an assistant county attorney. Wilkins v. State, 33 Texas Crim. Rep., 320. The other question, however, goes to the legality of the appointment of the officer; that is, whether in fact Allen was appointed assistant county attorney by the

regular county attorney, Murphree. From the statement of facts contained in the bill of exceptions it does not appear that it was the intention of the county attorney to appoint Mr. Allen as his assistant. He evidently took no legal steps in that direction, but authorized him to sign his name to papers relating to the office of county attorney, and to represent him in all matters that came up requiring his attention. We are not informed by the statement in said bill that Allen entered on the performance of the duties as county attorney in such measure as would constitute him a de facto officer. If so, this authority might hold good so far as the public is concerned. So far as we are advised, this is the only act performed by him; and consequently he could not be regarded as a de facto officer. Nor can he be regarded as a legally constituted assistant county attorney. We believe appellant's contention as to this matter is correct.

Appellant also excepted to the information on the ground that it failed to set out a public place in contemplation of law; that is, it does not name a place which is eo nomine a public place, and it does not set out facts sufficient to constitute the place indicated as a public place. The information sets out the public place, as follows: "In a certain public place to wit: in the town of Hamilton, and near the Hamilton and Hico public road, at a building known as the Old Graves Mill." We take it that the specific allegation is that the drunkenness took place at the Old Graves Mill, near the Hamilton and Hico public road. In Green v. State, 2 Texas Ct. Rep., 177 (although a gaming case, we presume as to the definition of a public place, the same rule applies), it was held that a flouring mill not being one of the public places usually known as such, should be described as to its use, in order to constitute it a public place. It was further held, that the fact that the game was shown to have been played at night, while the mill was not running, would not constitute it a public place. Here the description is no more definite than in the above named case, and consequently we believe the exception was well taken.

We believe the court was in error in confining the jury in considering what a public place was, to a place near the Hico and Hamilton public road. The specific place mentioned was at Old Graves Mill.

The court was also in error in informing the jury, in response to their question, that a public street in the town of Hamilton is a public place. While this was correct, it was not applicable to the information under which appellant was being tried. The public place alleged was at Old Graves Mill, and the court should have instructed the jury that, unless the allegation in the information in this respect was proven as laid, they could not convict appellant. They certainly could not convict him for being found drunk at some other place at or near a public street in the town of Hamilton.

For the errors discussed, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*