## Wright Clinton v. The State.

### No. 1487.    Decided January 3, 1912.

**1.—Drunkenness—Public Place—Grand Jury Room.**

Where the court charged the jury as a matter of law that the grand jury room was a public place, there was reversible error; this was a matter of fact to be submitted to the jury.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of drunkenness in a public place, the evidence showed that the defendant was not drunk at the time and place charged in the indictment, the conviction could not be sustained.

Appeal from the County Court of Franklin. Tried below before the Hon. G. E. Cowan.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $10.

The opinion states the case.

*L. W. Davidson* and *R. T. Wilkinson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of public place and charge of the court: Murchison v. State, 24 Texas Crim. App., 8.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of being drunk in a public place. The court charged the jury, as a matter of law, that the grand jury room was a public place. The statute does not so define it. It is a matter of fact to be shown before the jury whether it is or not a public place. Where it is a question of fact and not a matter of law, the court is not authorized or justified in charging the jury as a matter of law that such place is a public place. This court has held that a grand jury room, when the grand jury is in session, is a public place. See Murchison v. State, 24 Texas Crim. App., 8. But the court has also held that whether or not the place is a public place in contemplation of the statute is for the determination of the jury under proper instructions. Elsberry v. State, 41 Texas, 158; Parker v. State, 26 Texas, 204. A place may or may not be a public one according to the facts and circumstances. Bordeaux v. State, 31 Texas Crim. Rep., 37. An office which is used for the manufacture of medicines to which the public has access at all times is held to be a public place. Williams v. State, 38 Texas Crim. Rep., 544, 34 S. W. Rep., 271. It was held that a livery stable, not being a place specifically enumerated in the Code as a public place, becomes a question of fact whether or not it is a public place to be established by the evidence, before a conviction can be had. Metzer v. State, 31 Texas Crim. Rep., 11; Sisk v. State, 35 Texas Crim. Rep., 462; Grant v. State, 33 Texas Crim. Rep., 527. So a dug-out may be held to be a public place by reason of the fact that it was commonly resorted to by the people for the purpose of card playing. Reeves v. State, 34 Texas Crim. Rep., 147. We are of opinion, therefore, that the court was in error in charging the jury as a matter of law a grand jury room is a public place.

2. It is contended the evidence is not sufficient to show that appellant was drunk in a public place. The strongest evidence introduced was through the witnesses Hill and Petty. On direct examination Hill testified: "I judged from his acts and conduct that he was intoxicated. It was about 3 o'clock in the evening when we had him there. He said he had drunk some alcohol before he came into the room." Hill was a member of the grand jury, and was testifying to the fact that appellant was brought before the grand jury as a witness. On cross-examination he says: "I do not know what it takes to constitute intoxication. I can't say that defendant was drunk. He was able to walk and go about. I did not smell any liquor on him. He answered most of the questions we asked him. He was backward and did not want to answer them. There is a general recognized difference between a person being drunk and being intoxicated. A person may be intoxicated and not be drunk, as it is ordinarily understood; a person is intoxicated to a certain extent when he takes one drink, yet he is not drunk; one drink will not ordinarily make a man drunk; it will to a certain extent intoxicate him. Defendant had the appearance of a man who was drinking

some, though to what extent I can not say. He was not down, but was able to attend to his business." The witness Petty testified almost identically as did the witness Hill. All of the other witnesses, grand jurymen, as well as those who were associated with defendant during the day, some of whom had ridden from the country into town with him, testified emphatically that he was not drunk, and not in anywise intoxicated. Under our statute and the authorities construing it, this case is not brought within the purview of the statute. It is clear from this evidence that appellant was not drunk. No witness undertook to swear that he was drunk.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*