**Edwardo PADILLO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40633.

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order revoking probation.

The conviction was for burglary and judgment was rendered, sentence pronounced and probation granted on November 1, 1965 (which was prior to the effective date of the 1965 Code of Criminal Procedure).

One of the conditions of probation was that appellant "commit no offense against the laws of this or any other state."

On February 8, 1967, the district attorney filed application alleging that appellant had violated said term and condition of his probation in that:

"He has violated the law in that he was drunk in a public place, to-wit: the City of Littlefield, Lamb County, Texas, on April 27, 1966. He also violated the law in that he was drunk in a public place, to-wit: the City of Littlefield, Lamb County, Texas, on October 16, 1966."

Hearing was had on March 4, 1967, at the conclusion of which the court found that appellant had violated the terms of his probation "in that, to-wit:"

"He violated the law in that he was drunk in a public place, to-wit: the City of Littlefield, Lamb County, Texas, on April 25, 1966. He also violated the law in that he was drunk in a public place, to-wit: the City of Littlefield, Lamb

County, Texas, on October 16, 1966, * * *."

The sole question for our determination is whether or not the trial court abused his discretion in revoking probation upon his findings.

■ While the form or sufficiency of the allegations of the application for revocation has not been attacked, and a mere allegation that appellant had violated the law in that he was drunk in a public place (a misdemeanor offense under Art. 477, Vernon's Ann.P.C.) would have been sufficient, we point out that a city is not a "public place" as that term is used in said statute, and one being drunk anywhere in the City of Littlefield other than a public place, or a private house other than his own, would not violate the statute defining "Drunk in a public place." See Murrey v. State, 48 Tex.Cr.R. 219, 87 S.W. 349.

■ We agree with appellant's contention that the evidence adduced at the hearing on revocation is insufficient to sustain a finding that appellant was drunk on either of the dates mentioned. See Snodgrass v. State, Tex.Cr.App., 18 S.W.2d 1084; Clinton v. State, 64 Tex.Cr.R. 446, 142 S.W. 591.

On this issue, City Patrolman Don Savage testified that on April 27, 1966, he stopped the vehicle appellant was driving and asked him to step out. "When he got out of the car, he had trouble standing. I noticed that he had a very strong odor of beer on his person, and asked him to go back to the patrol car, and I had to help him back to the patrol car as he was unable to make it back under his own power. We took him to the station and booked him, and we had to help him up the stairs."

He further testified that he "lodged a complaint against" appellant in the corporation court.

This was all of the evidence admitted at the revocation hearing to support the al-

legation that appellant was drunk on April 27, 1966.

City Patrolman Gary Lightfoot testified that he had occasion "to handle" appellant on or about October 16, 1966; that he observed and stopped the car appellant was driving, and:

"Q. Back at the time when you stopped this vehicle, Mr. Lightfoot, would you tell us what you observed, please?

"A. As I walked up to the car, I saw that there was beer in the car, and in further talking to the boys, I smelled alcohol on all of them, and they weren't too steady on their feet.

"Q. All right. Now, talking specifically about Edwardo Padillo, Jr., who sits at this counsel table, what did you observe as to his conduct and condition?

"A. He wasn't steady on his feet. He smelled very heavily of alcoholic beverages."

He further testified that he took appellant to the City Hall and lodged a complaint against him.

This was all of the testimony admitted to sustain the allegation that appellant was drunk on October 16, 1966.

Neither of the patrolmen testified or expressed the opinion that appellant was drunk; intoxicated or under the influence of intoxicating liquor at the time they "handled" him, and no evidence is found in the record (unless it be the length of their service as patrolmen, one 18 months and the other 20 months) as to their qualifications to form or express an opinion as to a person's condition of sobriety.

Further proceedings to revoke the probation not being foreclosed, we direct attention to the fact that the record reflects that the arrest of appellant for violation of the terms of his probation was upon "alias capias" issued by the district clerk upon the filing of the application of the district attorney, and not "upon the order of the

judge of such court to be noted on the docket". (Art. 42.12, Sec. 8, Vernon's Ann.C.C.P.)

The order revoking probation is reversed.