Bobby KELLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50947.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

Ben D. Sudderth and Keith Woodley, Comanche, for appellant.

Gary R. Price, Dist. Atty., Brownwood, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On October 28, 1974, the appellant pleaded guilty to an indictment charging him with burglary. His punishment was assessed at seven years, probated. Condition (a) of appellant's probation was that he commit no offense against the laws of this State or any other state.

Subsequently, the State filed a motion to revoke appellant's probation which alleged that appellant had violated condition (a) by appearing in a public place while intoxicated on November 1, 1974. Sec. 42.08(a), V.T.C.A., Penal Code.

The court held a hearing on the State's motion and revoked appellant's probation.

The appellant first contends that the trial court abused its discretion in revoking his probation because the evidence was insufficient to show that the appellant was intoxicated. We agree and reverse.

The State's only witness at the motion hearing was Sergeant Gary L. Page of the Brownwood Police Department. He testified that he had put "people in custody in the drunk cell of the city jail" and that he had "handled" people who were intoxicated, as well as those who "had apparently been drinking alcoholic beverages but . . . were not intoxicated."

Page stated that on November 1, 1974, he discovered the appellant and a companion sitting in the front seat of a car on Hickory Street in Brownwood. According to Page, the appellant was slumped slightly over the wheel of the car when Page and his partner arrived. The officers tapped on the car window and banged on the roof of the car,

but neither occupant responded. The officers then opened the door next to the appellant, and one of the officers had to catch the appellant to keep him from falling. Page observed several empty beer containers in the car.

After waking the appellant, Page noticed that he had "a strong smell of alcohol on his breath, his eyes were bloodshot, speech was slurred . . . he was stumbling, staggering." Page testified that the appellant was cooperative until he was told that he was being charged with public intoxication. At no time did Page express the opinion that the appellant was intoxicated.

The facts of this case are striking in their similarity to those in *Padillo v. State,* 420 S.W.2d 712 (Tex.Cr.App.1967). There the appellant's probation was revoked because of two instances of alleged public intoxication in violation of Article 477 of our former Penal Code. One officer testified in that case that he stopped appellant's automobile on April 27, 1966, and that appellant smelled strongly of beer and had trouble walking. Another officer testified that on October 16, 1966, he found appellant with beer in his car and smelling heavily of alcohol. He also testified that the defendant was unsteady on his feet. In both instances, the officers stated that they "lodged complaints" against the defendant. This Court reversed because neither officer expressed the opinion that the defendant was intoxicated. Cf. *Palafox v. State,* 509 S.W.2d 846, 849 (Tex.Cr.App.1974).

More recently, in *Hopkins v. State,* 480 S.W.2d 212, 220 (Tex.Cr.App.1971), we cited *Padillo* with approval for the proposition that "opinion testimony in regard to the ultimate fact issue is *required* to prove intoxication."

In this case, as in *Padillo,* the appellant did not take the stand, cf. *Gilder v. State,* 474 S.W.2d 723 (Tex.Cr.App.1972),

and no witness expressed the opinion that the appellant was intoxicated. It follows that the judgment must be reversed and the cause remanded.

DOUGLAS, J., not participating.

ODOM, Judge (dissenting).

I dissent to the majority's disposition of this appeal and would affirm the order of the trial court.

Section 42.08, V.T.C.A., Penal Code, provides in part:

> "An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another."

The majority hold that circumstantial evidence is insufficient to support a finding that one is "under the influence of alcohol," and reverse because the officer did not use the magic words, that in his *opinion* appellant was under the influence of alcohol. I am convinced that the condition of being "under the influence of alcohol" may be established by circumstantial evidence [1] and that it was so established in this case. The State's witness testified that he and another officer found appellant and another person asleep in an automobile parked in the center of a roadway in Brownwood at one o'clock in the morning. The witness described the following course of events:

> "Q. Describe the manner in which you got him out of this automobile.

> "A. Oh, when we first arrived at the scene we parked behind the Defendant's car, and got out and walked up to the car, and tapped on the window, banged on the roof, got no response from either subject. So my partner, Shields, opened the driver's door, and when he did, well, Kelley started falling out, Shields had to catch him to keep him from hitting the ground. We finally got him out of the car and put him up beside the car.

---

1. Compare *Thompson v. State,* Tex.Cr.App., 365 S.W.2d 792; *Warren v. State,* 131 Tex. Cr.R. 303, 98 S.W.2d 197.

"Q. Did you see any alcoholic beverage containers?

"A. Yes, sir.

"Q. Where were they?

"A. There was one between Kelley's legs, and then the other passenger had a mug, a glass between his legs.

"Q. Were those the only alcoholic beverage containers that you saw?

"A. There was several more laying in the car.

"Q. Full or empty?

"A. Empty. I believe there was a couple of them that were full, also.

"Q. All right. Were there any other beer containers—

"A. That's all I recall seeing is beer containers.

"Q. Okay. Would you describe the condition of this Defendant after, immediately after he was caught by Officer Shields?

"A. Well, he was groggy. Sid got him out of the car and stood him up by the side of the car there a few minutes. I began talking to him after he woke up completely, and noticed a strong smell of alcohol on his breath, his eyes were bloodshot, speech was slurred.

"Q. All right. Was he placed in custody?

"A. At that time he was placed in custody.

"Q. Did he walk from that point to the patrol automobile?

"A. Yes, sir.

"Q. Would you describe the manner in which he walked?

"A. Well, he was stumbling, staggering."

If it is ever possible to show by circumstantial evidence that an individual is under the influence of alcohol, such a showing was made in this case.

I dissent to the reversal.

DOUGLAS, J., not participating.