Juan Jose **HERNANDEZ GUERRERO**, Appellant,

v.

The **STATE of Texas**, Appellee.

No. 13–88–473–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

Glen A. Barnard, Harlingen, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

A jury found appellant guilty of involuntary manslaughter and assessed punishment at seven years in the Texas Department of Corrections. We affirm.

In his sole point of error, appellant contends that the evidence is insufficient to sustain the conviction. He concedes that his automobile struck and killed a person but contends that the State failed to show that he was intoxicated at the time of the accident, an essential element of proof under Tex.Penal Code Ann. § 19.05(a)(2) (Vernon 1989).

Appellant's automobile struck and killed a pedestrian shortly after 7:00 a.m. Appellant left the scene and drove several blocks to his home, where he was arrested around 8:00 a.m. In a statement given to police that morning, appellant said that as he was driving down Washington Street he heard a bang, felt something splash on the front of his car, and looked back but did not see anything, so he kept on driving to his house, where he lived with his parents.

The evidence shows that on the night before the accident, appellant and three friends had consumed a considerable amount of alcohol. The three friends, Efrian Cavazos, Gloria Gonzalez, and Dilia Flores, each testified to essentially the same set of facts. We summarize the evidence in the light most favorable to the verdict.

Appellant picked up his girlfriend Dilia Flores at 5:00 p.m. At that time, appellant had a six-pack of beer in his cooler, and each had a beer. They proceeded to a livestock show where they met Cavazos and Gonzalez. All four had a beer. During the evening, they went and bought a 12–pack and a case of beer. All four drank more beer. Cavazos and others drank from a bottle of El Presidente, although it is unclear whether appellant drank any of this.

After the livestock show, the four went to a bar. There, the four consumed three pitchers of beer. When the bar closed at

2:00 a.m., they went to Gonzalez' apartment.

Gonzalez testified that when the four were at her apartment, appellant, herself, and the others were all intoxicated. Cavazos testified appellant continued his beer drinking at Gonzalez' apartment. Sometime around 4:00 a.m., appellant drove Cavazos home and returned to Gonzalez' apartment, according to Cavazos, at 4:40. Because appellant and Flores were "fighting," appellant remained outside where he fell asleep on the ground. Gonzalez testified that the night was cold and that she could see appellant shivering in the cold.

Around 7:00 a.m., Flores went outside and woke appellant so that he would not be late for work. The accident occurred shortly thereafter. Appellant went home and went to bed. Acting on information provided by a citizen, the police went to appellant's home where they told appellant's mother that they wished to speak with appellant. They were told appellant was asleep and did not want to wake up. Appellant would not come outside to speak with the officers, so they went into appellant's bedroom where he was subsequently arrested.

Although the arresting officers did not observe his condition to be out of the ordinary, one officer testified that appellant's eyes "were slightly red," and another testified that he was dazed and disoriented, and his eyes were swollen, when wakened. When appellant was arrested, eight beers remained unopened in appellant's cooler.

Other witnesses testified that the accident occurred during daylight hours, on a clear day, when visibility was good. The victim was wearing a white coat, aqua pants, and a pink shirt.

A fifteen-year-old witness to the accident testified that he heard a car "coming real fast," saw the victim flip in the air about three times, and then saw appellant slow down, glance back, and proceed on. There were no other cars traveling down the street at that time. Appellant's car sideswiped a parked car a short distance from where the pedestrian was hit.

A woman in a nearby house heard a loud sound and looked out her window, only to see a body by the bumper of the car and the car leaving the scene. An investigating police officer testified that a person having control of his physical "facilities" would have heard the impact of the collision.

In reviewing the sufficiency of evidence, an appellate court looks at all the evidence in the light most favorable to the verdict to see if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989).

In order to convict, the charge required the jury to find that appellant was intoxicated. As applied to this case, intoxicated was defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body." Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) (Vernon Supp.1989).

■ We agree with appellant that there is no direct evidence of appellant's intoxication at the time of the accident. Nonetheless, we find sufficient evidence to support the conviction. Intoxication may be shown by circumstantial evidence. *Smithhart v. State*, 503 S.W.2d 283 (Tex.Crim.App.1974).

Appellant points to certain testimony Gonzalez gave on cross-examination to argue that the evidence is insufficient. Gonzalez testified that she could not really say that appellant was intoxicated because she herself was intoxicated, that all had been drinking, and that is why she assumed appellant was intoxicated. On direct examination, Gonzalez had testified that all were intoxicated. If Gonzalez' cross-examination testimony conflicts with that given on direct, the direct testimony is not destroyed. *See Clawson v. State*, 440 S.W.2d 638 (Tex.Crim.App.1969); *McDonald v. State*, 393 S.W.2d 914 (Tex.Crim.App.1965). The jury could accept or reject any part of the testimony of any witness. *Wright v. State*, 437 S.W.2d 566 (Tex.Crim.App.1969). The jury could have rejected the explanation given by Gonzalez on cross-examination.

In the light most favorable to the verdict, the evidence shows that Cavazos, Flores, Gonzalez, and appellant had beer from one six-pack, one twelve-pack, one case, and three pitchers. Eight beers remained in appellant's cooler at the end of the night. The evidence shows that the four consumed about the same amount of beer each.

Accordingly, the jury had evidence of the large quantity of beer that had been consumed over the evening, Gonzalez' opinion that appellant was intoxicated, evidence that not long before the accident appellant had fallen asleep on the cold ground, evidence that appellant's mother had difficulty awakening him to talk to the police, and evidence that appellant was dazed, red-eyed, and disoriented, when arrested.

In addition, the evidence shows that the accident occurred during daylight on a clear day. The pedestrian was wearing brightly colored clothing. The body was thrown or dragged 92 feet and came to rest in the middle of the street, yet appellant apparently did not see it. The sound of the accident was loud enough for a woman in her kitchen to hear, yet appellant was aware of only a splash on his car.[1]

While no one fact in particular would establish that appellant was intoxicated at the time of the accident, these circumstances together could easily lead a rational trier of fact to believe beyond a reasonable doubt that appellant was intoxicated at the time of the accident. *See Mendoza v. State,* 332 S.W.2d 335 (Tex.Crim.App.1960). The combined and cumulative force of the incriminating circumstances supports and is sufficient to sustain the jury's determination of guilt. *Livingston v. State,* 739 S.W.2d 311 (Tex.Crim.App.1987).

Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.

---

1. The victim had gone to a store to buy some Cokes and was carrying these when struck. The hood of appellant's car had Coke splatters.