TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00706-CR







Ken Lee Williamson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4454, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING








 This is an appeal from an order revoking probation. (1) Ken Lee Williamson was
charged by indictment with driving while intoxicated--subsequent offense, a felony. The offense
was reduced to a class A misdemeanor. Appellant waived trial by jury and entered a guilty plea
to the misdemeanor offense of driving while intoxicated. On May 27, 1993, in accordance with
a plea agreement, the trial court assessed punishment at confinement in the county jail for one year
and a fine of $1000. The imposition of the sentence was suspended and appellant was placed on
probation subject to certain probationary conditions.

 On September 10, 1993, the State filed a motion to revoke probation alleging, inter
alia, that, in violation of his conditions of probation not to commit an offense against the laws of
this State, appellant, on or about August 2, 1993, committed the offense of driving while
intoxicated. At a hearing on November 7, 1993, the trial court found that appellant had violated
his probationary conditions as alleged, revoked probation, and imposed sentence. Notice of
appeal was given.

 Appellant advances three points of error. First, appellant urges that he was denied
due process of law because the State's revocation motion failed to fully inform him "of the
probation order which he is alleged to have breached." Second, appellant complains that the trial
court abused its discretion in revoking probation because "the judgment of probation was not
proven by a preponderance of the evidence but was found by judicial notice by the trial court to
be untrue." Third, appellant challenges the sufficiency of the evidence at the revocation hearing
to show that he was intoxicated. The first two points are so interwoven that they shall be
considered together. It should be made clear that appellant is not claiming that he did not receive
adequate notice from the revocation motion of the violation of probationary conditions against
which he had to defend, but claims only that there was an incorrect recitation of historical fact in
the revocation motion. The motion erroneously alleged that appellant had been convicted of
"Driving while intoxicated--Subsequent, a felony and assessed a punishment of confinement in the
State Penitentiary for a period of two (2) years" before being placed on probation. When
appellant entered a plea of "not true" to each alleged violation of probationary condition, his
counsel, who had also represented him at the time of the original plea of guilty, asked to enter an
additional plea of "not true" to the recitation in the State's revocation motion that appellant was
on "probation for a felony" and had been assessed a punishment of two years' imprisonment. The
trial court "accepted" this plea of "not true," but immediately pointed out that the trial court
records properly reflected misdemeanor probation after the assessment of punishment of one year
in jail. At this point, the trial court formally took judicial notice of its own records in the instant
case. There was no objection to such action nor was there a request for an opportunity to be
heard on the issue of judicial notice. See Tex. R. Crim. Evid. 201.

 At the conclusion of the revocation hearing, appellant's counsel asked that the
revocation motion be denied because the State had failed to prove that appellant was on felony
probation as alleged or recited in the first paragraph of the revocation motion. This request in
effect was denied when probation was revoked.

 In his first point of error, appellant complains that he was denied due process of
law because the revocation motion "failed to fully inform" him of the probation order allegedly
breached because the motion had erroneously recited that he had been placed on felony probation
rather than misdemeanor probation. This complaint is not directed to the allegations of violations
of probationary conditions but rather to the recitation of a historical fact in the body of the
revocation motion. There was no motion to quash the revocation motion.

 Motions to revoke probation need to be specific enough to give the probationer
notice of the alleged violations of the conditions of probation, but such allegations need not be
made with the particularity required of an indictment or information. LaBelle v. State, 692
S.W.2d 102, 105 n.2 (Tex. Crim. App. 1985); Rhodes v. State, 491 S.W.2d 895, 896 (Tex.
Crim. App. 1973). When a motion to quash the revocation motion is presented, a probationer is
entitled to sufficient information so that he can properly defend against the charge made. Mitchell
v. State, 608 S.W.2d 226, 228 (Tex. Crim. App. 1980). The motion, however, need only give
fair notice as to the violations of probationary conditions the State is alleging. Id. Appellant's
complaint is not, however, directed to lack of notice of the alleged violations of his conditions
of probation.

 For an issue to be preserved for review on appeal there must be a timely objection
which specifically states the legal basis for the objection. Tex. R. App. P. 52(a); Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Miranda v. State, 813 S.W.2d 724, 737 (Tex.
App.--San Antonio 1991, pet. ref'd). Although appellant entered an unnecessary plea and
challenged the sufficiency of the evidence on the basis of the recitation in the revocation motion,
there was no trial objection on the ground of a violation of due process as now asserted on appeal. 
Since appellant failed to voice any due process objection, he has waived his complaint. See
Rogers v. State, 640 S.W.2d 248, 264-65 (Tex. Crim. App. 1982) (op. on second motion for
reh'g) (holding that failure to make a due process objection waived any error in the probation
revocation proceedings); see also Wright v. State, 640 S.W.2d 265, 273 (Tex. Crim. App. 1982)
(op. on reh'g). Even constitutional errors may be waived. Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990); Skillern v. State, 890 S.W.2d 848, 880 (Tex. App.--Austin 1994, pet.
ref'd). In addition, complaints on appeal that do not comport with trial objections do not preserve
error for review. Nelson v. State, 864 S.W.2d 496, 499 (Tex. Crim. App. 1993), cert. denied, 
    U.S.   , 114 S. Ct. 1338, 127 L. Ed. 2d 686 (1994); Cook v. State, 858 S.W.2d 467, 499
(Tex. Crim. App. 1993); Skillern, 890 S.W.2d at 859. Moreover, appellant has failed to point
out how he was deprived of actual notice or was not fully informed because of the erroneous
recitation in the revocation motion. Appellant was represented by the same counsel at the time
of the original guilty plea and the revocation hearing. They both were parties to the plea bargain
wherein the felony offense was reduced to a misdemeanor. The same judge presided at both
proceedings. The judgment of probation and the order imposing probationary conditions were
a part of the court records at time of the revocation proceeding and correctly reflected what had
transpired. Appellant personally acknowledged receipt of the order setting forth the conditions
of probation and reflecting that appellant had been placed on misdemeanor probation. Appellant's
current complaint that he was denied due process of law is without merit even if he had preserved
any error by timely and specific objection. The first point of error is overruled.

 In the second and related point of error, appellant complains that the recitation in
the revocation motion that he was placed on felony probation was not only erroneous but that the
true "judgment of probation" was proven not by a preponderance of the evidence but by judicial
notice.

 It is true that the burden of proof in revocation of probation cases is on the State
by a preponderance of the evidence as to the alleged violations of probationary conditions. 
Forrest v. State, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991); Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1981); Scamardo v. State, 517 S.W.2d 293, 297 (Tex. Crim.
App. 1974). However, a trial judge in a revocation proceeding may take judicial notice of the
records of his own court. Hardison v. State, 450 S.W.2d 638, 639-40 (Tex. Crim. App. 1970). 
Thus, a trial judge in a revocation proceeding may take judicial notice of the indictment,
judgment, order of probation, motion to revoke, etc., and no proof of such exhibits or documents
are required. Connor v. State, 479 S.W.2d 317, 318 (Tex. Crim. App. 1972); see also Hokr v.
State, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977). The adoption of Rule 201 of the Texas
Rules of Criminal Evidence does not seem to have affected this practice. Hulen D. Wendorf,
David A. Schlueter and Robert R. Barton, Texas Rules of Evidence Manual, Article II, Judicial
Notice at II 9-10 (3d ed. 1994). Because of the trial court's continuing jurisdiction over a
probationer and the extension of the court's original sentencing power effected by the contract of
probation, it is not essential that a judgment or order of probation be admitted into evidence or
judicially noticed at a revocation hearing as long as it is included in the record on appeal. Cobb
v. State, 851 S.W.2d 871, 874-75 (Tex. Crim. App. 1993). Nevertheless, the judgment or order
of probation may be judicially noticed under Rule 201. This is the preferred method of proving
the judgment or order of probation. Id. at 873. In the instant case, the trial court took judicial
notice. There was no objection. The judgment and order of probation are in the appellate record
before this court. There was no need for additional proof at the hearing. The second point of
error is overruled.

 In his third point of error, appellant contends that the evidence at the revocation
hearing was insufficient to show that he was intoxicated while driving as alleged. Llano County
deputy sheriff Curtis Tisdel testified that on August 2, 1993, about 6:30 p.m. he observed
appellant driving a motor vehicle. He knew appellant and recognized appellant's pickup truck. 
Officer Tisdel observed the truck weaving on the highway, crossing the double yellow lines and
then leaving and returning to the roadway. Tisdel activated the overhead lights on his patrol
vehicle but appellant's vehicle travelled one-half mile before appellant stopped. Appellant
acknowledged to the officer that he had been drinking. Tisdel detected a strong odor of alcohol
on appellant's person. When appellant got out of his vehicle, a beer bottle fell out of the truck. 
Appellant's walk was unsteady on the level ground. He failed three field sobriety tests
administered to him by Officer Tisdel. Based on all his observations the experienced officer
advised appellant that he was under arrest for driving while intoxicated and took him into custody. 
An inventory search of appellant's pickup truck revealed a number of beer cans, some full, some
empty, and one half empty.

 At the conclusion of the revocation hearing, appellant argued that the officer had
not expressed an opinion as to appellant's intoxication and thus the evidence was insufficient. No
blood, breath, or urine tests were administered. The trial court acknowledged the absence of the
arresting officer's opinion, but stated that the facts and circumstances established the element of
intoxication by a preponderance of evidence.

 To support a driving while intoxicated conviction, the evidence must show that the
defendant drove a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04 (West 1994);
Ford v. State, 571 S.W.2d 924, 925 (Tex. Crim. App. 1978); Little v. State, 853 S.W.2d 179,
183 (Tex. App.--Corpus Christi 1993, no pet.); Dumas v. State, 812 S.W.2d 611, 615 (Tex.
App.--Dallas 1991, pet. ref'd). The uncorroborated testimony of an arresting officer is sufficient
to prove the element of intoxication. Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App.
1979); Dumas, 812 S.W.2d at 615; Gruber v. State, 812 S.W.2d 368, 370 (Tex. App.--Corpus
Christi 1991, pet. ref'd). Most of the reported cases examined, including those above, have
involved the opinion testimony of police officers on the issue of intoxication. In Padillo v. State,
420 S.W.2d 712, 713 (Tex. Crim. App. 1967), it was held that opinion testimony is required to
prove intoxication. Accord Mays v. State, 563 S.W.2d 260, 263 (Tex. Crim. App. 1978); Kelley
v. State, 529 S.W.2d 554, 555 (Tex. Crim. App. 1975); Hopkins v. State, 480 S.W.2d 212, 220
(Tex. Crim. App. 1971) (holding that opinion testimony in regard to the ultimate fact issue is
required to prove intoxication). There are, however, cases holding the opposite--that intoxication
can be established strictly by circumstantial evidence. In Smithhart v. State, 503 S.W.2d 283, 285
(Tex. Crim. App. 1973), a driving while intoxicated case, it was held that the element of
intoxication may be shown by circumstantial evidence in the absence of direct opinion testimony. 
Accord Gilder v. State, 474 S.W.2d 723, 724 (Tex. Crim. App. 1974); see also Thompson v.
State, 365 S.W.2d 792, 793 (Tex. Crim. App. 1963); Warren v. State, 98 S.W.2d 197, 199 (Tex.
Crim. App. 1936). In Guerrero v. State, 773 S.W.2d 775, 776 (Tex. App.--Corpus Christi 1989,
no pet.), the court held that intoxication as an element of involuntary manslaughter may be shown
by circumstantial evidence. Smithhart was cited with approval. The foregoing cases do not seem
to have been reconciled by the Court of Criminal Appeals or any other court.

 Both Padillo and Kelley, holding that opinion testimony is required to prove
intoxication, were revocation of probation cases. Padillo was decided before and Kelley shortly
after Scamardo, which held that a revocation of probation proceeding is not a criminal trial and
that the burden of proof is on the State by a preponderance of evidence and not beyond a
reasonable doubt. Scamardo, 517 S.W.2d at 297. Kelley did not mention Scamardo. In
revocation proceedings the State satisfies its burden when the greater weight of evidence before
the trial court creates a reasonable belief that a condition of probation has been violated as alleged. 
Kulhanek, 587 S.W.2d at 426. In such a hearing, the trial judge is the sole trier of facts, the
judge of the credibility of the witnesses and the weight to be given to the testimony. Id.; see also
Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. 1978); Galvan v. State, 846 S.W.2d 161,
162 (Tex. App.--Houston [1st Dist.] 1993, no pet.). In this regard, the trial court has broad
discretion. Hendrixson v. State, 679 S.W.2d 616, 621 (Tex. App.--Beaumont 1984, no pet.).

 In the instant case, appellant was driving his vehicle erratically. When stopped,
he admitted to the officer that he had been drinking. There was a strong odor of alcohol about
his person. When appellant exited the vehicle, a beer bottle fell out of the truck. His walk was
unsteady. Appellant failed to pass three field sobriety examinations specifically the alphabet,
counting, and "finger to nose" tests. The results of these tests clearly indicated that appellant did
not have the normal use of his mental and physical faculties. Based on the facts and the
observations made, the officer advised appellant that he was under arrest for driving while
intoxicated. The prosecution overlooked asking the officer the usual question of whether the
officer was of the opinion that appellant was intoxicated, although the officer's testimony clearly
implied the same.

 All the circumstances taken together could easily lead a rational trier of fact at a
revocation hearing to believe by a preponderance of evidence that appellant was intoxicated at the
time in question. We conclude that the element of intoxication was sufficiently established by
circumstantial evidence in the instant revocation proceeding. See Smithhart, 503 S.W.2d at 285;
Guerrero, 773 S.W.2d at 776. The trial court did not abuse its discretion in revoking appellant's
probation. The third point of error is overruled.

 The order revoking probation is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed

Filed: May 22, 1996

Do Not Publish






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Effective September 1, 1993, "probation" became "community supervision." Tex. Code
Crim. Proc. Ann. art. 42.12, § 2 (West Supp. 1996); Act of May 29, 1993, 73d Leg., R.S.,
ch. 900, §§ 40.01, 40.04, 1993 Tex. Gen. Laws 3586, 3717, 3743. The probation was granted
in the instant case prior to September 1, 1993, and the revocation occurred shortly after that
date. The trial court and the parties all used the term "probation" and we shall do likewise
in this opinion. 



 State, 98 S.W.2d 197, 199 (Tex.
Crim. App. 1936). In Guerrero v. State, 773 S.W.2d 775, 776 (Tex. App.--Corpus Christi 1989,
no pet.), the court held that intoxication as an element of involuntary manslaughter may be shown
by circumstantial evidence. Smithhart was cited with approval. The foregoing cases do not seem
to have been reconciled by the Court of Criminal Appeals or any other court.

 Both Padillo and Kelley, holding that opinion testimony is required to prove
intoxication, were revocation of probation cases. Padillo was decided before and Kelley shortly
after Scamardo, which held that a revocation of probation proceeding is not a criminal trial and
that the burden of proof is on the State by a preponderance of evidence and not beyond a
reasonable doubt. Scamardo, 517 S.W.2d at 297. Kelley did not mention Scamardo. In
revocation proceedings the State satisfies its burden when the greater weight of evidence before
the trial court creates a reasonable belief that a condition of probation has been violated as alleged. 
Kulhanek, 587 S.W.2d at 426. In such a hearing, the trial judge is the sole trier of facts, the
judge of the credibility of the witnesses and the weight to be given to the testimony. Id.; see also
Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. 1978); Galvan v. State, 846 S.W.2d 161,
162 (Tex. App.--Houston [1st Dist.] 1993, no pet.). In this regard, the trial court has broad
discretion. Hendrixson v. State, 679 S.W.2d 616, 621 (Tex. App.--Beaumont 1984, no pet.).

 In the instant case, appellant was driving his vehicle erratically. When stopped,
he admitted to the officer that he had been drinking. There was a strong odor of alcohol about
his person. When appellant exited the vehicle, a beer bottle fell out of the truck. His walk was
unsteady. Appellant failed to pass three field sobriety examinations specifically the alphabet,
counting, and "finger to nose" tests. The results of these tests clearly indicated that appellant did
not have the normal use of his mental and physical faculties. Based on the facts and the
observations made, the officer advised appellant that he was under arrest for driving while
intoxicated. The prosecution overlooked asking the officer the usual question of whether the
officer was of the opinion that appellant was intoxicated, although the officer's testimony clearly
implied the same.

 All the circumstances taken together could easily lead a rational trier of fact at a
revocation hearing to believe by a preponderance of evidence that appellant was intoxicated at the
time in question. We conclude that the element of intoxication was sufficiently established by
circumstantial evidence in the instant revocation proceeding. See Smithhart, 503 S.W.2d at 285;
Guerrero, 773 S.W.2d at 776. The trial court did not abuse its discretion in revoking appellant's
probation. The third point of error is overruled.

 The order revoking probation is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed

Filed: May 22, 1996

Do Not Publish