CARWILE vs. THE STATE.

[INDICTMENT FOR AFFRAY.]

1. *What constitutes public place.*—An enclosed lot, situated thirty yards distant from the street of a county town, but visible from the street, is a public place within the common-law definition of an affray.

FROM the Circuit Court of Autauga.

Tried before the Hon. PORTER KING.

THE prisoner in this case, Zachariah Carwile, was indicted, jointly with one McGlawn, for an affray; but was tried separately, and pleaded not guilty. "On the trial, the State introduced a witness who testified, that within twelve months before the finding of the indictment, he saw the prisoner and one McGlawn in his horse-lot, which was a private lot, and enclosed with a fence; that some one had hold of the prisoner, and McGlawn was walking towards him, with a drawn knife in his hand, saying something which he (witness) could not recollect; that he (witness) seized hold of McGlawn, and was persuading him to be quiet, when, observing McGlawn raise his knife, he looked round, and saw the prisoner loose from the man who had hold of him, and with a brick in his hand; that the prisoner told McGlawn to put up his knife, but McGlawn refused to do it,—the parties then being within two yards of each other; that the prisoner threw the brick at McGlawn, and struck him on the head, and McGlawn then cut him with the knife; that the fight took place in Kingston, in said county; and that the place where it occurred was about ninety feet from the street, and could have been seen from the street. There was no evidence that any person was in the street at the time, or that any one was looking on or saw the fight from the street; but there were four or five persons in the lot at the time. This being all the evidence in the case, the court charged the jury, that if they believed the evidence, the place where

t' o ugbt occurred was a public place within the meaning of the law. The prisoner excepted to this charge, and then asked the court to instruct the jury, that if the fighting was done in a private lot, enclosed by a fence, ninety feet from any street, then this was not a public place within the meaning of the law, even if the spot could be seen from a public street,—there being no evidence that any person did see it from the street. The court refused to give this charge, and the prisoner excepted."

WM. L. YANCEY, for the 'prisoner, cited 1 Russell on Crimes, 270; Taylor v. The State, 22 Ala. 15; Bythwood v. The State, 20 Ala. 47; Coleman v. The State, 20 Ala. 51.

M. A. BALDWIN, Attorney-General, *contra*.

A. J. WALKER, C. J.—The single question of this case is, whether a place within an enclosed lot, ninety feet from a street in the town of Kingston, in Autauga county, and which could be seen from the street, is a public place, according to the import of the phrase in the common-law definition of an affray. We judicially know that Kingston is the county-seat of Autauga county. The streets of a town are dedicated to the public use; the public have a right to pass over them, and they are highways, (Case of the Road from Fitzwater street, 4 S. & R. 106;) and in some forms of indictments for affrays, a street is designated as the place where the offense was committed.—Lewis' U. S. Crim. Law, 675; State v. Sumner, 5 Strob. 53. The streets of Kingston are, therefore, *prima facie*, public places. They are public, because of the purpose to which they are devoted, and of the common right which all persons have to use them.

The street being, *per se*, public, a place ninety feet from the street, and at the time visible from it, must, we think, be also public. At the distance of ninety feet, in the absence of any intervening obstacle, the tumult of the fight could be heard, and its exciting scenes witnessed; and persons passing by would be within reach of missiles

26

thrown by the combatants. The distinguishing charac-
teristic of an affray is the terror to the people actually
resulting, or presumed to result, from the fighting in a
public place.—2 Bishop on C. L. § 18 ; 1 Russell on Cr.
291 ; State v. Sumner, *supra*. A fight at a place so near
a public street, and so circumstanced in reference to it,
as was the place in this case, is attended by this distin-
guishing characteristic of an affray, and is so attended by
reason of its proximity and relation to a place *per se* pub-
lic. From a fight at such a place there may be peril to a
person passing along the public street, and also a view
and a hearing of all that is alarming and exciting. One
upon the public street is thereby subjected to a terror,
identical in its cause and its character with that which
would have been produced by a fight in the street. What
difference can it make, so far as the terror to the public
is concerned, whether the fight actually occurs in the
street, or hard by the street, and within full view of it?
The distinguishing element of terror to the people is as
much present in the latter, as in the former case.

It must be admitted, that there was no actual terror, if,
pending the conflict, no persons were on the street. But
the same thing would be true, if the fight had been in the
street. It is not so much the terror actually produced,
as the liability of fighting in a public place to produce it,
which the law regards. Terror to the people is presumed
from the fighting in a public place.—State v. Sumner,
*supra*.

If a fight should occur within six feet of a public place,
and within unobstructed view of it, it would have the
same effect upon the persons at the public place, as if it
had occurred upon the very spot which is *per se* public.
All would pronounce such a fight an affray, if the other
constituents of the offense existed. It can make no dif-
ference, save in the slight modification of the degree of
the effect, that the distance is increased to ninety feet.
There is, in such a case, a result in reference to the public
upon the street precisely the same as if the fight had been
in the street. We conclude, therefore, that there is an ob-
vious propriety in putting a place so near the street, and

so situated in reference to it, in the same category with the street itself, so far as this inquiry is concerned. By doing so, we avoid the absurd conclusion, that persons at a public place, and desiring to fight, can evade the law of affrays, by stepping a few feet from the public place, although the same effect may be produced as if the fighting had occured at the public place.

Judgment affimed.