NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-400

COMMONWEALTH

vs.

CHERI M. DOBSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant, Cheri M. Dobson, was found guilty of assault and battery, G. L. c. 265, § 13A (a), and the common-law crime of affray.[1]  The assault at issue occurred just outside and within sight of the MBTA bus stop at Nubian Square, in the Roxbury section of Boston, and was captured by video cameras.  On appeal, the defendant argues that the judge erred in denying her motion for a required finding of not guilty because (1) as to affray, the Commonwealth failed to present sufficient evidence that the fighting at issue caused a person present in the public

_____

[1] The defendant was found not guilty of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b).

place to be put in fear, and (2) as to both affray and assault and battery, that the Commonwealth failed to present sufficient evidence that the defendant used unreasonable force in defending her property.  The defendant also argues that double jeopardy principles prohibit convictions of both affray and assault and battery.  For the reasons set forth below, we affirm.

Background.  We summarize the evidence presented at trial in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On August 4, 2020, at approximately 7 P.M., the victim was pushing a cart down Ziegler Street in Roxbury, approximately one hundred feet from the Nubian Square bus station.  At the same time, the defendant, who was standing on a nearby sidewalk with a friend, dropped an item, which fluttered away from her in the wind.  Approximately fifteen seconds later, the victim bent down to pick up an item off the ground.

The defendant approached the victim from behind, punched her in the face with a closed fist, and yelled twice, "where's my F-ing money."  The defendant then grabbed the victim, and the defendant's friend began to assist in the fight.  The defendant and her friend pushed the victim down, and punched and kicked her while she was on the ground.  Boston police Officer Oscar Henriquez observed the altercation, and rendered assistance in separating the parties.

2

In total, the fight took place over the course of approximately thirty seconds to one minute. During this time, several other persons were present in the area. On the video in evidence, one can see a motor vehicle driver, and multiple pedestrians, stop what they are doing and watch the altercation unfold. One pedestrian observed the fight, then crossed the road to the side away from it.

After a trial in March of 2023, the jury found the defendant guilty of assault and battery and affray. This appeal followed.

Discussion. 1. Affray. "[A]ffray [is] a common-law crime, but with a definitional overlay" supplied by G. L. c. 277, § 39.[2] Commonwealth v. Nee, 83 Mass. App. Ct. 441, 444-445 (2013). An "affray is an offense against the public, an aggravated disturbance of the public peace that arises when two or more people fight in public and cause terror[3] to those

---

[2] General Laws c. 277, § 39, defines "affray" as "[f]ighting together of two or more persons in a public place to the terror of the persons lawfully there."

[3] We construe the term "terror," as used in G. L. c. 277, § 39, to mean "fear," in line with its definition at common law. See Commonwealth v. Wynton W., 459 Mass. 745, 747 (2011), quoting Commonwealth v. Stokes, 440 Mass. 741, 747 (2004) ("Where the Legislature does not define a term, we presume that its intent is to incorporate the common-law definition of that term, 'unless the intent to alter it is clearly expressed'"); Nee, 83 Mass. App. Ct. at 444, quoting 3 Coke, Institutes *158 ("An Affray is a publick offense to the terror of the King[']s subjects, and . . . so called, because it affrighteth and maketh

3

present."  Id. at 444.  The essential elements of the crime are: (1) fighting by or between two or more persons; (2) in a public place; and (3) causing fear in persons lawfully there.[4]  See id.

The defendant argues that the Commonwealth failed to present sufficient evidence of the third element[5] -- that is, that a person lawfully present was placed in fear as a result of the fighting.  Specifically, the defendant contends that "[t]he evidence at trial showed that the only person put in fear as a result of the [fight] was [the victim]," and that because "[affray] is a crime against the public, a party to [the fight] cannot also be the person who was put in fear as a result of the [fight]."  We disagree with both the factual and legal premises of the defendant's argument.

"The standard for evaluating a motion for a required finding of not guilty is 'whether, after viewing the evidence in

---

men afraid . . ."); Dashiell v. State, 214 Md. App. 684, 690-691 (2013) (using the terms "fear" and "terror" interchangeably); Matter of May, 357 N.C. 423, 428 (2003) ("actual fear experienced by members of the public satisfies the terror element").

[4] In conformance with this definition, as well as Instruction 6.100 of the Criminal Model Jury Instructions for Use in the District Court (2014), the judge instructed the jury that the Commonwealth was required to prove that "at least one person who was lawfully present in the public place was put in fear as a result of the fighting that occurred."

[5] The defendant does not challenge the sufficiency of the evidence for the first two elements, i.e., that two or more persons fought in a public place.

4

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. James, 424 Mass. 770, 784 (1997), quoting Latimore, 378 Mass. at 677.  "[W]e keep in mind that the evidence relied on to establish a defendant's guilt may be entirely circumstantial, and that the inferences a jury may draw from the evidence 'need only be reasonable and possible and need not be necessary or inescapable'" (citation omitted).  Commonwealth v. Linton, 456 Mass. 534, 544 (2010), S.C., 483 Mass. 227 (2019).  "Whether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience and common sense" (citation omitted).  Commonwealth v. Lao, 443 Mass. 770, 779 (2005).  "To the extent that conflicting inferences may be drawn from the evidence, it is for the jury to decide which version to credit."  Commonwealth v. Buttimer, 482 Mass. 754, 761 (2019), quoting Commonwealth v. Webster, 480 Mass. 161, 167 (2018).  "Because the defendant moved for required findings at the close of the Commonwealth's case and again at the close of all the evidence," Commonwealth v. O'Laughlin, 446 Mass. 188, 198 (2006), we also must "determine whether the Commonwealth's position as to proof deteriorated after it closed its case," id., quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984).

To begin, we do not agree with the factual premise of the defendant's argument, which is that "the only person put in fear as a result of the [fight] was [the victim]." Having reviewed the video surveillance footage depicting the altercation and surrounding area, we are satisfied that the jury could reasonably have inferred that third-party bystanders were present and placed in fear as a result of the assault. See Linton, 456 Mass. at 544.

Several bystanders can be seen in the vicinity of the assault as it is occurring, many of whom appear to be aware of it. One such individual can be seen initially walking in the direction of the fight, but then diverting his path away from it and crossing the street, while looking over his shoulder in the direction of the fight multiple times. A jury reviewing these events could reasonably infer that this individual was placed in fear of continuing on his initial path and therefore decided to move to a safer location. See Lao, 443 Mass. at 779. In Nee we suggested that putting a person in actual fear may not be required, because "injury to public peace arises not so much from [the] terror actually produced as [the] likelihood of fighting in [a] public place to produce it." Nee, 83 Mass. App. Ct. at 446, citing Carwile v. State, 35 Ala. 392, 394 (1860). In this case, however, actual fear in at least this one third-

party bystander is reasonably inferable from the evidence.[6]  For this reason, the judge did not err in denying the defendant's motion for a required finding of not guilty.

We also disagree with the defendant's legal argument that in order to satisfy the "fear" element in the circumstances of this case, the Commonwealth must show that the defendant caused fear in persons other than the victims involved in the fight. In support of her argument, the defendant cites purported authority from English common law, court decisions of other States, and legislative history in the Commonwealth.

We are not persuaded, as none of the authorities the defendant cites stand for a proposition as broad as the defendant asks us to accept.  Affray requires that the fight occur in a public place; it also requires that a member of the public lawfully present reasonably be put in fear.  But it does not necessarily require that the person put in fear be someone other than a victim.

Indeed, the above principles are evident from our prior decision in Nee, where the persons put in fear were also the victims.  In Nee, the defendant, along with ten to fifteen other individuals, set upon a victim, Monaco, in a public park.  Nee, 83 Mass. App. Ct. at 443.  Two of Monaco's friends, Pitt and

---

[6] This evidence did not deteriorate after the Commonwealth closed its case.  See O'Laughlin, 446 Mass. at 198.

7

Marks, came to his aid, and became involved in the fighting. Id. at 446. In concluding that the fighting caused fear to the persons lawfully present in the park, the court explained, "[t]hat the defendant and his group caused terror to Monaco, Pitt, and Marks by surrounding and attacking them is reasonably inferable from the evidence." Id. Implicit in this reasoning is that the individuals involved in the fight may also be the members of the public placed in fear. In Nee, there was no evidence that there was anyone else in the park aside from the defendants and the victims. See id. at 443.

The defendant contends that the aforementioned language from Nee is merely dictum, as it was "unnecessary" and "passed upon an issue not really presented" in the case. See Commonwealth v. Rahim, 441 Mass. 273, 284 (2004). We do not think the language is dicta, but in addition, Nee restated the point when it later addressed the argument that the crime of affray was unconstitutionally vague as applied:

> "In the terms 'fighting together of two or more persons,' 'public place,' 'terror,' and 'persons lawfully present,' a person of common intelligence would have little difficulty understanding that one who was part of a group that engaged in a coordinated and sustained physical attack upon individuals lawfully present in a public park and caused them terror committed affray" (emphasis added).

Nee, 83 Mass. App. Ct. at 449-450. In other words, the "persons lawfully present," for purposes of the "fear" element, may include individuals set upon in a public place. See id.

8

Therefore, the defendant's blanket argument that the individuals involved in a fight cannot also be the members of the public placed in fear is, at the least, overstated.[7]

2. Defense of property. Next, the defendant claims that the judge erred in denying her motion for a required finding of not guilty as to the charges of affray and assault and battery because the Commonwealth failed to present sufficient evidence to demonstrate that the defendant's actions did not constitute the use of reasonable force in defense of her property.

"A person 'may defend or regain [her] momentarily interrupted possession [of personal property] by the use of reasonable force, short of wounding or the employment of a dangerous weapon.'" Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 666 (2019), quoting Commonwealth v. Donahue, 148 Mass. 529, 531 (1889). The use of force in defense of property is justified when "(1) the defendant used only nondeadly force, and

---

[7] It does not follow, however, that every fight in a public place will amount to an affray. We highlight one limitation on the offense as an example: the acts of the fighters, together with the surrounding circumstances, must produce a reasonable likelihood of placing in fear those lawfully present in the public place. See Nee, 83 Mass. App. Ct. at 446, citing Carwile, 35 Ala. at 394; Nottingham v. State, 227 Md. App. 592, 603 (2016). Evidence that the fight was mutual combat, or planned by both parties, may bear on this issue. Thus, although evidence that a fight occurred in a public place, under some circumstances, "may be sufficient to establish, ipso facto, that the fight resulted in 'terror to [those lawfully present]'" (citation omitted), Nottingham, supra, the inference may not be reasonable under other facts.

9

(2) the force used was 'appropriate in kind and suitable in degree, to accomplish the purpose.'"  Commonwealth v. Haddock, 46 Mass. App. Ct. 246, 248-249 (1999), quoting Commonwealth v. Goodwin, 3 Cush. 154, 158 (1849).

"Where there is credible evidence to raise [the affirmative defense of defense of property], the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant acted with force that was excessive in kind or degree."  Haddock, 46 Mass. App. Ct. at 248.

> "[W]hen error is claimed with respect to a denial of a [motion for a required finding of not guilty], this court is obliged to consider the evidence in its light most favorable to the Commonwealth.  The sole question raised is whether the evidence, considered in that light, is sufficient to permit the jury to infer the essential elements of the crime charged."

Commonwealth v. Fluker, 377 Mass. 123, 128 (1979).

Here, viewing the evidence in the light most favorable to the Commonwealth, a reasonable jury could have found that the defendant used excessive force against the victim.  Officer Henriquez testified that he witnessed the defendant, prior to making a demand for the money, approach the victim from behind and punch her in the face with a closed fist.  Moreover, the video surveillance showed the defendant striking the victim near her head, forcefully throwing her to the ground, and continuing to strike her while on the ground.  The judge therefore did not err in denying the defendant's motion.

10

3.  Double jeopardy.  Finally, the defendant claims that her convictions of affray and assault and battery are duplicative and therefore violate the prohibition against double jeopardy in the Fifth Amendment to the United States Constitution and at Massachusetts common law.  See Commonwealth v. Rollins, 470 Mass. 66, 70 (2014).  Specifically, the defendant contends that assault and battery is a lesser included offense of affray.

"The traditional rule in Massachusetts, as embodied in Morey v. Commonwealth, 108 Mass. 433, 434 (1871) . . . , and its progeny, is that 'a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.'"  Commonwealth v. Vick, 454 Mass. 418, 431 (2009), quoting Commonwealth v. Valliere, 437 Mass. 366, 371 (2002).  "As long as each offense requires proof of an additional element that the other does not, 'neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].'"  Vick, supra, quoting Commonwealth v. Jones, 382 Mass. 387, 393 (1981).  "With respect to the application of this well-established rule, we have stated that [t]he actual criminal acts alleged are wholly irrelevant . . . rather, the elements of the crimes charged are considered objectively, abstracted from the

11

facts [of any particular case]" (quotation and citation omitted).  Vick, supra.

Contrary to the defendant's assertion, assault and battery is not a lesser included offense of affray, as each offense contains an element that the other does not.  See Vick, 454 Mass. at 431.  Affray, unlike assault and battery, requires that fighting occur in a public place.  See Nee, 83 Mass. App. Ct. at 444.  Assault and battery, unlike affray, requires the "use of force upon the person of another" or an act that causes "physical or bodily injury to another."  Commonwealth v. Burno, 396 Mass. 622, 625 (1986).  Affray does not require an actual battery, as a threat to use physical force that is "objectively possible of immediate execution" will suffice.  See Nee, supra at 446, quoting Commonwealth v. Sinai, 47 Mass. App. Ct. 544, 548 (1999) (affray requires "fighting," which involves either "the use of physical force or violence or any threat to use such force or violence if that threat is objectively possible of immediate execution").  Principles of double jeopardy therefore do not bar either of the defendant's convictions.[8]

_____

[8] The defendant also asserts that Massachusetts "common law may sometimes provide greater protection against double jeopardy than does the United States Constitution," Commonwealth v. Carlino, 449 Mass. 71, 79 n. 20 (2007), and contends that, even if we "were to find that assault and battery and affray are not cognate offenses, it was not the legislative intent that a defendant should be punished for both where, as here, the victim of the assault and battery is also the only member of the public

12

Judgments affirmed.

By the Court (Massing,
  Englander & D'Angelo, JJ.[9]),

*Paul Little*

Clerk

Entered:  August 4, 2025.

---

put in fear as a result of the [fighting]."  As discussed, supra, we disagree with the factual premise that the victim was the only member of the public put in fear.  Moreover, we disagree with the defendant's assessment of the Legislature's intent, particularly where "affray is an offense against the public," Nee, 83 Mass. App. Ct. at 444, and assault and battery is an offense against the person, see, e.g., Burno, 396 Mass. at 625.

[9] The panelists are listed in order of seniority.